NOTICE

Decision filed 04/04/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-01-0710

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

EDITH SKIDMORE, Special Administrator of the Estate of Clifford Skidmore, Deceased,

 Plaintiff-Appellee,

v.

GATEWAY WESTERN RAILWAY COMPANY,

 Defendant-Appellant.

) Appeal from the
) Circuit Court of
) St. Clair County.
)
)
) No. 00-L-557
)
) Honorable
) Stephen M. Kernan,
) Judge, presiding.
_____

PRESIDING JUSTICE SPOMER[1] delivered the opinion of the court:

The Illinois Supreme Court, in the exercise of its supervisory authority, instructed us to vacate our prior judgment in this cause and reconsider this case in light of its decision in *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158 (2005). *Skidmore v. Gateway Western Ry. Co.*, 217 Ill. 2d 625 (2006). On February 22, 2006, we vacated our prior judgment, and we now reconsider the case.

The plaintiff, Edith Skidmore, as the special administrator of the estate of Clifford

_____

[1]Justice Maag participated in oral argument. Presiding Justice Spomer was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

1

Skidmore, deceased, filed a wrongful death action in the circuit court of St. Clair County against the defendant, Gateway Western Railway Company, a corporation with its principal place of business in St. Clair County. The action arose from a railroad crossing accident that occurred in Lafayette County, Missouri. The defendant filed a motion to dismiss based on interstate *forum non conveniens*. The defendant's motion to dismiss and uncontradicted supporting documentation established that the decedent, the plaintiff, and the operator and the crew of the train that struck the decedent are all residents of Missouri. Both eyewitnesses were residents of Missouri. The accident was investigated by a Missouri state trooper and an accident reconstructionist team from Missouri. Following the accident, members of a Missouri fire-and-rescue squad assisted in removing the decedent from his vehicle, and a medical treatment team from Missouri provided medical treatment to the decedent. The decedent was airlifted to the Kansas City Research Hospital, where he was pronounced dead soon after arrival.

The circuit court denied the defendant's motion to dismiss the case on the grounds of interstate *forum non conveniens*. We granted the defendant's petition for leave to appeal and affirmed the circuit court's order. *Skidmore v. Gateway Western Ry. Co.*, 333 Ill. App. 3d 947 (2002). The Illinois Supreme Court, in the exercise of its supervisory authority, has directed us to reconsider our judgment in light of its decision in *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158 (2005). For the reasons set forth below, we reverse the order of the circuit court and remand with directions for the circuit court to dismiss the action.

In *Gridley*, the plaintiff filed a class action complaint in the circuit court of Madison County alleging that the defendant was unjustly enriched and violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2000)) in connection with the defendant's sale of salvage vehicles. *Gridley*, 217 Ill. 2d

2

at 160. The plaintiff was a resident of Louisiana and the complaint alleged that the defendant had obtained clean titles to salvage vehicles in Louisiana and marketed them at higher prices, in violation of Louisiana's title laws. *Gridley*, 217 Ill. 2d at 162. The circuit court denied the defendant's motion to dismiss on the basis of interstate *forum non conveniens*. *Gridley*, 217 Ill. 2d at 162. The appellate court, holding that the record before the circuit court lacked the information necessary for a *forum non conveniens* analysis, remanded the cause to the circuit court for further discovery. *Gridley*, 217 Ill. 2d at 163.

After addressing the error of the appellate court in remanding the cause for further discovery on the location and identity of putative members of a class that had not yet been certified, and after discussing the issue of the plaintiff's inability to state a claim under the Consumer Fraud Act, the Illinois Supreme Court went on to address the *forum non conveniens* issue on its merits with regard to the plaintiff's remaining claim of unjust enrichment. *Gridley*, 217 Ill. 2d at 169. The court recognized that a trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue. *Gridley*, 217 Ill. 2d at 169 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). *Forum non conveniens* is a flexible doctrine requiring an evaluation of the total circumstances, rather than a consideration of any single factor. *Gridley*, 217 Ill. 2d at 169 (citing *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37 (1994)). In determining whether *forum non conveniens* applies, the trial court must balance private-interest factors affecting the convenience of the litigants and public-interest factors affecting the administration of the courts. *Gridley*, 217 Ill. 2d at 169-70 (citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987)). *Gridley* described the private-interest factors:

> " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that

make trial of a case easy, expeditious, and inexpensive–for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate).' " *Gridley*, 217 Ill. 2d at 170 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002)).

*Gridley* described the public-interest factors:

" '(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora.' " *Gridley*, 217 Ill. 2d at 170 (quoting *Guerine*, 198 Ill. 2d at 516-17).

A further consideration is deference to a plaintiff's choice of forum. *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173). A plaintiff's right to select the forum is substantial, and unless the factors weigh strongly in favor of a transfer, the plaintiff's choice of forum should rarely be disturbed. *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173). Thus, when a plaintiff chooses his home forum or the site of the accident or injury, it is reasonable to assume that the choice of forum is convenient. *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173). However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's forum is accorded less deference. *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173-74). The *Gridley* court also recognized that the fact that the defendant was headquartered and did business in Illinois is not dispositive in a *forum non conveniens* analysis. *Gridley*, 217 Ill. 2d at 172; see also *Vinson v. Allstate*, 144 Ill. 2d 306 (1991). " 'A *forum non conveniens* motion *** causes a court to look *beyond the criterion of venue* when it considers the relative convenience of a forum.' " (Emphasis in original.) *Gridley*, 217 Ill.

4

2d at 172 (quoting *Vinson*, 144 Ill. 2d at 311).

Applying the foregoing factors, the *Gridley* court found that the circuit court had abused its discretion in denying the defendant's motion to dismiss based upon *forum non conveniens*. *Gridley*, 217 Ill. 2d at 171. The court found that because the plaintiff was foreign to Madison County and the action giving rise to the litigation occurred in Louisiana, not Madison County, the plaintiff's choice of forum was to be accorded less deference. *Gridley*, 217 Ill. 2d at 173. The private-interest factors weighed in favor of a Louisiana forum because all events, witnesses, and documents were located in Louisiana. *Gridley*, 217 Ill. 2d at 174. Furthermore, Illinois courts do not have subpoena power in Louisiana, affecting the ability to secure the attendance of unwilling witnesses by compulsory process. *Gridley*, 217 Ill. 2d at 174. The public-interest factors also favored Louisiana because Louisiana has an interest in applying its law in its own courts, Illinois had no interest in being burdened with the litigation, and Illinois residents should not be burdened with jury duty given the fact that the action did not arise in, and had no relation to, Illinois. *Gridley*, 217 Ill. 2d at 175.

The facts of this case are virtually identical to those in *Gridley*. The fact that the defendant's home office is located in St. Clair County, while affecting venue, is not dispositive of the *forum non conveniens* issue. The plaintiff's choice of forum is given little deference because the plaintiff and the decedent are Missouri residents and the accident at issue occurred in Missouri. The private-interest factors favor a Missouri forum because all the witnesses, including the engineer and the crew of the train, the police department, accident reconstruction experts who investigated the scene, and the medical providers who treated the decedent, are located in Missouri. Illinois has no subpoena power over Missouri residents and, thus, has no ability by the use of compulsory process to secure the attendance of unwilling witnesses who reside in Missouri. The public-interest factors favor Missouri

5

because Missouri has an interest in applying its own law in its own courts. Illinois has no interest in being burdened by litigation concerning an automobile accident occurring in Missouri and involving Missouri residents. For the same reasons, there is no reason to burden Illinois residents with jury duty given the fact that the action did not arise in, and has no relation to, Illinois.

Because the private- and public-interest factors weigh strongly in favor of Missouri as the appropriate forum in which to try this cause, the circuit court abused its discretion in denying the defendant's motion to dismiss. Accordingly, we reverse the order of the circuit court and remand the cause with directions for the circuit court to dismiss the action in accordance with Illinois Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)).

Reversed; cause remanded with directions.

HOPKINS and McGLYNN[2], JJ., concur.

---

[2]Justice Kuehn participated in oral argument. Justice McGlynn was later substituted on the panel and has read the briefs and listened to the audiotape of oral argument.

NO. 5-01-0710

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| EDITH SKIDMORE, Special Administrator of the Estate of Clifford Skidmore, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) **St. Clair County.** |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 00-L-557 |
| | ) |
| GATEWAY WESTERN RAILWAY COMPANY, | ) Honorable<br>) Stephen M. Kernan, |
| Defendant-Appellant. | ) Judge, presiding. |

**Opinion Filed**:    April 4, 2006

**Justices**:    Honorable Stephen L. Spomer, P.J.

Honorable Terrence J. Hopkins, J., and
Honorable Stephen P. McGlynn, J.,
Concur

**Attorneys for Appellant**    Paul M. Brown, Anthony L. Franks, Thompson, Coburn, LLP, One Firstar Plaza, St. Louis, MO 63101-1693

**Attorney for Appellee**    Kevin T. Hoerner, Becker, Paulson, & Hoerner, P.C., 5111 West Main Street, Belleville, IL 62226