NOTICE

Decision filed 04/24/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-04-0099

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| RAYMOND BROWN and GEORGIA BROWN, | ) Appeal from the<br>) Circuit Court of |
| Plaintiffs-Appellees, | ) Madison County. |
| | ) |
| v. | ) No. 02-L-1569 |
| | ) |
| COTTRELL, INC., and FORD MOTOR COMPANY, | ) |
| | ) |
| Defendants-Appellants, | ) |
| | ) |
| and | ) |
| | ) |
| CASSENS & SONS, INC., CASSENS CORPORATION,<br>ALBERT CASSENS, ALBERT CASSENS TRUST,<br>GENERAL MOTORS CORPORATION, and Unknown<br>Chain and Ratchet System Component Distributors/<br>Manufacturers, | )<br>)<br>)<br>)<br> |
| | ) Honorable |
| | ) A. A. Matoesian, |
| Defendants. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal involves interstate *forum non conveniens* motions in a product liability

suit against the manufacturer of an auto-hauling trailer. Raymond Brown, a truck driver

residing in Missouri, was injured while loading a car onto the trailer in Louisville, Kentucky.

Cottrell, Inc., the Georgia-based manufacturer of the trailer, filed a motion to dismiss the

lawsuit Brown and his wife filed in Illinois, arguing that either Kentucky or Missouri would

be a more convenient forum. Other defendants also moved to dismiss. The trial court denied

the motions, and this court affirmed. The Illinois Supreme Court vacated our earlier order

and directed us to reconsider our holding in light of its recent decisions in *Langenhorst v.*

*Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 848 N.E.2d 927 (2006), and *Gridley v. State Farm*

1

*Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 840 N.E.2d 269 (2005). *Brown v. Cottrell, Inc.*, 219 Ill. 2d 562, 847 N.E.2d 511 (2006). We once again affirm the trial court's ruling, and we grant, in part, the plaintiffs' motion to strike Cottrell, Inc.'s brief.

On June 20, 2002, plaintiff Raymond Brown was injured while loading vehicles onto an auto-hauling trailer in Louisville, Kentucky. Brown resides in Dexter, Missouri. He received medical treatment and physical therapy for his injuries in St. Louis, Missouri, the St. Louis suburb of Fenton, Missouri, and Cape Girardeau, Missouri.

On November 22, 2002, Brown and his wife, Georgia Brown, filed a complaint in Madison County, Illinois, seeking damages for Raymond's injuries. The complaint named as defendants Cottrell, Inc. (Cottrell), the manufacturer of the trailer; Ford Motor Company (Ford); General Motors Corp. (GM); Cassens & Sons, Inc.; Cassens Corp.; Albert Cassens; and the Albert Cassens Trust. Cottrell is headquartered in Georgia. The Cassens defendants are all located in Madison County, as is Brown's employer, Cassens Transport Company (Cassens Transport). While not a party, Cassens Transport maintains documents relating to the maintenance of the trailer and Brown's injury. Although the record does not disclose the locations of Ford and GM, we may take judicial notice of the fact that these companies are headquartered in Michigan. See *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177, 797 N.E.2d 687, 696 (2003) (noting that we may take judicial notice of matters capable of instant and indisputable demonstration).

On August 26, 2003, the plaintiffs filed an amended complaint. On September 9, Cottrell filed a motion to dismiss on the basis of *forum non conveniens*. It argued that the case should be filed in either Bullitt County, Kentucky, where the accident occurred, or in Stoddard County, Missouri, where the plaintiffs reside. Later in September 2003, GM and Ford filed separate motions to join Cottrell's forum motion. On January 2, 2004, the court denied the forum motions. The defendants appealed that ruling, and on May 25, 2005, this

court affirmed. *Brown v. Cottrell, Inc.*, No. 5-04-0099 (2005) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On May 24, 2006, the Illinois Supreme Court vacated our decision and directed us to reconsider in light of its recent forum decisions in *Langenhorst* and *Gridley*. On July 14, 2006, Cottrell filed a supplemental brief, which Ford adopted. The plaintiffs filed a motion to dismiss the appeal or, alternatively, to strike Cottrell's supplemental brief. They argued that Cottrell referenced many matters outside the original record on appeal–specifically, Cottrell referenced numerous "other cases" filed against it in Madison County. On August 28, 2006, this court denied the motion to dismiss but granted the motion to strike the entire brief with leave to file a substitute supplemental brief. On September 11, 2006, Cottrell filed a substitute supplemental brief, which was also adopted by Ford. On September 13, the plaintiffs filed a motion to dismiss the appeal or, alternatively, strike the entire substitute supplemental brief. We ordered that motion taken with the case.

The plaintiffs allege that the substitute supplemental brief still contains references to other Cottrell cases, including those filed after the court ruled on the forum motions in this case. They further allege that the substitute supplemental brief misstates the record with respect to the residences of some of the plaintiffs' potential witnesses. The plaintiffs acknowledge that we have the discretion to strike the offending portions of the brief (see *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499, 842 N.E.2d 1268, 1273 (2006)), but they argue that we should dismiss the appeal or strike the brief in its entirety because (1) the challenged statements were the very same statements that appeared in the earlier brief–in other words, this is a repeat offense–and (2) if we read the statements in the brief in order to determine which statements need to be stricken, the damage is already done.

We agree with the plaintiffs that Cottrell's reference to material outside the record and misstatement of evidence in the record are serious matters–particularly after we struck its

3

initial supplemental brief for the same problems. Nevertheless, we believe that we should address the defendants' proper arguments, to provide guidance to trial courts. Further, we find misplaced the plaintiffs' concerns with the necessity for this court reading the entire brief in order to determine which portions to strike. We are capable of disregarding statements we find to be improper, and we are capable of reviewing the record to determine whether each party accurately characterizes the record in its brief. We deny the plaintiffs' motion to dismiss the appeal. We grant, in part, their motion to strike Cottrell's brief, and we order stricken from the brief all references to other Cottrell cases filed in Madison County and all statements claiming that the residences of the plaintiffs' potential witnesses are unknown.

We now turn to the merits of this appeal and reconsider whether the trial court properly denied the defendants' forum motions. *Forum non conveniens* is a doctrine that allows a court to decline jurisdiction over a case, even though jurisdiction would be proper, if it appears that a different court would provide a more convenient forum. *Gridley*, 217 Ill. 2d at 169, 840 N.E.2d at 277. A plaintiff has a substantial interest in choosing the forum in which to bring his or her claim (*Gridley*, 217 Ill. 2d at 170, 840 N.E.2d at 277); thus, the plaintiff's choice should only be disturbed if a defendant can demonstrate that (1) the plaintiff's chosen forum is inconvenient to the defendant and (2) a proposed alternative forum would be more convenient to all parties. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935.

In deciding whether a defendant has met this burden, courts consider all the relevant public- and private-interest factors. The public-interest factors include the following: (1) the interest in resolving inherently local controversies locally, (2) the unfairness of imposing the burden of jury duty and the expense of a trial on a county with little meaningful connection to the case, and (3) the relative congestion of the dockets in the proposed fora. *First American Bank v. Guerine*, 198 Ill. 2d 511, 516-17, 764 N.E.2d 54, 58 (2002). The private-interest factors include the following: (1) the convenience of the parties, (2) the ease of

4

access to witnesses and evidence, and (3) all the other practical considerations that make a trial easy, expeditious, or inexpensive, including the ability to view the premises if appropriate. *Gridley*, 217 Ill. 2d at 170, 840 N.E.2d at 277. Because *forum non conveniens* is a flexible doctrine, the factors must be considered in their entirety, and no one factor is decisive. *Gridley*, 217 Ill. 2d at 169, 840 N.E.2d at 277. Unless these factors weigh *heavily* in favor of a transfer or a dismissal, the motion should be denied. *Gridley*, 217 Ill. 2d at 170, 840 N.E.2d at 277.

A further consideration in ruling on any forum motion is the deference due a plaintiff's choice of forum. *Gridley*, 217 Ill. 2d at 170, 840 N.E.2d at 277. Although the plaintiff's choice of forum is always entitled to some deference, the amount of deference varies. Where a plaintiff chooses his or her home county or the situs of the incident giving rise to the litigation, the plaintiff's choice is entitled to greater deference than where, as here, the plaintiff chooses a forum that is neither his or her home nor the site of the events at issue. *Gridley*, 217 Ill. 2d at 170, 840 N.E.2d at 277; *Schwalbach v. Millikin Kappa Sigma Corp.*, 363 Ill. App. 3d 926, 930, 845 N.E.2d 677, 681 (2005). However, as the supreme court has repeatedly emphasized, less deference does not mean no deference. *Langenhorst*, 219 Ill. 2d at 448, 848 N.E.2d at 938 (relying on *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59).

On appeal, we will reverse a trial court's ruling on a forum motion only if the trial court abused its considerable discretion in balancing the relevant factors. An abuse of discretion occurs only where no reasonable person could take the view adopted by the trial court. *Gridley*, 217 Ill. 2d at 169, 840 N.E.2d at 276.

The supreme court recently considered the doctrine of *forum non conveniens* in *Gridley* and *Langenhorst*. *Gridley* involved allegations that the defendant automobile insurance company fraudulently sold automobiles at auction without revealing that they had previously been declared "total loss" vehicles. *Gridley*, 217 Ill. 2d at 161, 840 N.E.2d at 272.

5

The plaintiff was a Louisiana resident, all of the relevant events occurred in Louisiana, and most of the witnesses resided in Louisiana. *Gridley*, 217 Ill. 2d at 173-74, 840 N.E.2d at 279. The supreme court found that any evidence relating to the claim would likely be found in Louisiana. *Gridley*, 217 Ill. 2d at 174, 840 N.E.2d at 280. The court further found that Louisiana law would govern the plaintiff's claim. *Gridley*, 217 Ill. 2d at 175, 840 N.E.2d at 280. In light of these overwhelming connections to the State of Louisiana, it is not surprising that the court found, on balance, that the forum factors strongly favored a dismissal so the action could be brought in Louisiana. *Gridley*, 217 Ill. 2d at 171, 840 N.E.2d at 277.

In *Langenhorst*, the defendant railroad sought to transfer a wrongful death action from St. Clair County to neighboring Clinton County. *Langenhorst*, 219 Ill. 2d at 433, 848 N.E.2d at 929. Clinton County was both the lifelong residence of the decedent and the place where the accident occurred, although the accident took place near the St. Clair County line. *Langenhorst*, 219 Ill. 2d at 433-34, 848 N.E.2d at 929-30. In balancing the forum factors, however, the supreme court concluded that they did not strongly favor a transfer. *Langenhorst*, 219 Ill. 2d at 448, 848 N.E.2d at 937. In reaching this conclusion, the court noted that the witnesses were scattered among several Illinois counties as well as Missouri and Indiana. *Langenhorst*, 219 Ill. 2d at 449, 848 N.E.2d at 938. The court also found it significant that the defendant filed no affidavits stating that St. Clair County would be inconvenient for any of its intended witnesses and that the defendant did not demonstrate any impediment to obtaining necessary evidence or any other inconvenience it would encounter if the trial were held there. *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 938.

For our purposes, it is especially important to note that the majority opinion in *Langenhorst* warned against shifting from our traditional focus on "the convenience of the parties as the touchstone of *forum non conveniens* analysis to focusing on the more appropriate forum based on where the cause of action arose." (Internal quotation marks

6

omitted.)  *Langenhorst*, 219 Ill. 2d at 453, 848 N.E.2d at 941.  Such a shift, the court explained, would be unwarranted and would obliterate the venue statute.  *Langenhorst*, 219 Ill. 2d at 453, 848 N.E.2d at 941.  We note that it would also obliterate the utility of *forum non conveniens* as an equitable doctrine that promotes convenience and the efficient administration of justice.  See *Langenhorst*, 219 Ill. 2d at 441, 848 N.E.2d at 934; *Gridley*, 217 Ill. 2d at 169, 840 N.E.2d at 276.  In light of this statement, we may not assume that the defendants' proposed alternative fora are "more appropriate" because one is the place where the accident occurred and the other is where the plaintiffs reside; rather, we consider all the relevant factors and determine whether they strongly favor a dismissal.

The defendants argue that *Gridley* is more analogous to the instant case than *Langenhorst* because *Gridley* involved an interstate forum motion, as does the instant case, while *Langenhorst* involved a battle between adjoining counties within Illinois.  We disagree.  The supreme court has previously held that interstate forum motions are governed by the same principles applicable to intrastate motions.  *Dawdy*, 207 Ill. 2d at 176, 797 N.E.2d at 696.  There are situations in which this distinction plays a role in the analysis of the relevant circumstances.  For example, as the court noted in *Gridley*, the need to apply the law of a foreign state–which can *sometimes* be an issue in an interstate forum case–is a factor that can weigh in favor of a dismissal on forum grounds.  *Gridley*, 217 Ill. 2d at 175, 840 N.E.2d at 280 (citing *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80, 457 N.E.2d 417, 420 (1983)).  Further, as the court noted in *Langenhorst*, a choice between adjoining Illinois counties often " ' " 'results in a battle over minutiae.' " ' "  *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 939 (quoting *Guerine*, 198 Ill. 2d at 519-20, 764 N.E.2d at 60 (quoting *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335, 645 N.E.2d 184, 190 (1994) (quoting *Peile v. Skelgas, Inc.*, 242 Ill. App. 3d 500, 522, 610 N.E.2d 813, 829 (1993) (Lewis, J., specially concurring)))).  However, we find nothing in either *Gridley* or *Langenhorst* to

7

indicate a departure from the established precedent that interstate and intrastate motions are governed by the same principles.

We first consider the private-interest factor of the convenience of the parties. The plaintiffs reside in Dexter, Missouri. Presumably, a trial in their home county would be more convenient for them than a trial in either Madison County or Bullitt County, Kentucky; however, the defendants may not prevail on a forum motion by arguing that a trial in the plaintiffs' chosen forum would inconvenience the plaintiffs. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935.

No defendant is based in Missouri or Kentucky. Cottrell is headquartered in Gainesville, Georgia, while the Cassens defendants are based in Madison County. As previously noted, both GM and Ford have their corporate headquarters in Michigan. Naturally, a Madison County trial would be most convenient for the Cassens defendants. We find this fact relevant but not dispositive. See *Gridley*, 217 Ill. 2d at 173, 840 N.E.2d at 279. The corporate representatives of Cottrell, Ford, and GM will have to travel significant distances to attend a trial in any of the three possible venues. Because they would most likely travel by plane, holding the trial in proximity to a large city with an airport would be most convenient for them. This makes either Bullitt County, which includes the City of Louisville, or Madison County, located directly adjacent to St. Louis, Missouri, more convenient for these defendants than a trial in Dexter, Missouri. On the whole, then, this factor does not seem to favor any one of the three proposed fora over the others. Most significantly, no defendant has submitted any affidavits explaining why a Madison County trial would be inconvenient. As noted, it is the defendant's burden to prove that the plaintiff's chosen forum is inconvenient. *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 939. Here, the defendants have failed to meet that burden.

We next consider the ease of access to witnesses and evidence. The only evidence

8

mentioned in the record is documentary evidence relating to Raymond Brown's injury and treatment and records relating to other similar injuries. Because it is easy for testifying witnesses to transport documentary evidence with them to a trial, we do not consider the location of documents to be a particularly weighty factor. Nevertheless, we note that much of the evidence mentioned is maintained by plaintiff Raymond Brown's employer, Cassens Transport, at its Madison County headquarters. Presumably, records relating to the treatment Brown received for his injuries would be located at the offices of his treating physicians. Although all of his physicians practice in Missouri, most of them are in the St. Louis metropolitan area, which is actually closer to Madison County than to Stoddard County, Missouri. The others are located in Cape Girardeau, Missouri, which is closest to Stoddard County. More importantly, the defendants have not pointed to any particular difficulty they would face in accessing documentary or other evidence if the trial is held in Madison County. See *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 939.

As we mentioned, we find the parties' access to witnesses a far more significant concern than their access to documentary evidence. The plaintiffs have listed numerous potential witnesses from Illinois and Missouri. Nearly all of the potential Missouri witnesses live in the St. Louis area, which, as previously noted, is closest to Madison County. The plaintiffs also list potential witnesses from Michigan, Florida, Pennsylvania, Georgia, South Carolina, Ohio, New Jersey, Oregon, and New York State.

The only potential witnesses named by the defendants–whose burden it is to demonstrate the propriety of a dismissal–are (1) the plaintiffs and their son, Eugene Brown, all of whom reside in Dexter, Missouri, (2) six of Raymond Brown's medical providers with offices in or near St. Louis, Missouri, (3) one medical provider from Cape Girardeau, Missouri, (4) a Cassens Transport employee who lives in the St. Louis suburb of Fenton, Missouri, (5) another Cassens Transport employee whose residence is not given, and (6) an

9

unidentified eyewitness to Brown's accident in Louisville whose residence is also not known from the record.

Where witnesses are scattered and there is no predominant connection to any one forum, it is an abuse of discretion to grant a forum motion. *Guerine*, 198 Ill. 2d at 526, 764 N.E.2d at 64. The defendants argue, however, that we should disregard the plaintiffs' rather extensive list of scattered witnesses because the plaintiffs do not specify what the subject of each witness's testimony will be. The plaintiffs list at least 30 potential witnesses who "may have knowledge of similar injuries/malfunctions reports [*sic*] or of corporate knowledge issues." As the defendants point out, they do not provide any more specific information with regard to the expected testimony of each individual witness. The plaintiffs also indicate that they may call Linda Weseman or Jerry Micklow or both as retained experts. Although the record does not indicate where Micklow resides, Weseman lives in Jacksonville, Florida.

Even if we consider only the plaintiffs' Florida-based expert witness and the defendants' potential witnesses, we do not find that this factor favors a dismissal. Indeed, it appears that Madison County is the most convenient forum for nearly all of these witnesses. The plaintiffs' retained expert will need to fly to the trial from Florida no matter which forum prevails. This makes Madison County or Bullitt County more convenient for her than Stoddard County due to the previously mentioned proximity of airports to those counties. For the six St. Louis-area physicians, testifying at a Madison County trial would require a short, 27-mile drive, while a Stoddard County trial would require a much longer drive of 170 miles, and a trial in Bullitt County would require an even longer 260-mile drive. Obviously, Madison County is the most convenient forum for these six witnesses. The Cape Girardeau physician would need to drive 58 miles to testify live at a Stoddard County trial, whereas he would have to drive 147 miles to testify in Madison County, and his route would take him through Stoddard County. Stoddard County, then, is the most convenient forum for this one

10

witness. On the whole, our consideration of the relative access to witnesses and to documentary and other evidence favors Madison County somewhat.

The final private-interest factor is an assessment of the practical considerations that make a trial easy, expeditious, and inexpensive. The only such consideration addressed by the parties is the possibility of the jury viewing the site of Raymond Brown's injury. The defendants point out that a Madison County jury would be unable to visit the Louisville terminal where the accident occurred. We do not believe that a jury view would be warranted here. The injury occurred on an auto-hauling trailer, a movable object that might be anywhere in the country. In any case, the trailer can be brought to Madison County for the jury to view if need be. We find nothing in the record to indicate that this factor would favor any of the three potential fora over the other two.

We next consider the public-interest factors. We will consider together the interest in deciding local controversies locally and the unfairness of imposing the burden of jury duty and the expense of a trial on a county with little connection to the litigation. This is appropriate because it is unfair to impose the burden and expense of a trial on a county if it has little or no interest in resolving the controversy. We first note that this is a product liability claim. Both this court and the supreme court have found those claims to be ones that are not inherently local in flavor. See *Guerine*, 198 Ill. 2d at 525, 764 N.E.2d at 63; *Schwalbach*, 363 Ill. App. 3d at 934, 845 N.E.2d at 684. Moreover, the plaintiffs' claim involves a trailer used to transport automobiles over long distances across many states. This fact, too, mitigates against a finding that the controversy must be decided locally.

More importantly, it is not clear that any one of the three fora has an interest in resolving the controversy that is strong enough to preclude a resolution elsewhere. Although the accident occurred in Kentucky, the relevant issues do not deal with the condition of the Cassens facility in Louisville where it occurred. Rather, the relevant issues deal with the

11

design and condition of the trailer. Thus, we find that Bullitt County's interest in resolving the dispute is minimal. Stoddard County has an obvious interest in resolving the claim of its injured resident. Madison County is the headquarters of the various Cassens defendants and of Cassens Transport, the nonparty employer of the injured driver, Raymond Brown. It is believed that the Illinois-registered trailer at issue was leased by one of the Cassens defendants. Although not explicitly addressed in the record, we think it is only reasonable to infer that these Cassens companies own and lease numerous other Cottrell trailers and employ numerous other long-haul truck drivers to operate them. This gives Madison County an interest in resolving the litigation that, while perhaps not as strong as Stoddard County's interest, is more than tangential. Thus, we find that these factors favor Stoddard County over Madison County, but not to such a great extent to require a transfer.

The defendants argue, however, that this case will require the court to apply the law of either Kentucky or Missouri and that Madison County's interest in the litigation is not substantial enough to justify imposing the burden of applying foreign law on its court. We note, however, that the extent of their argument regarding which state's law applies is the bold assertion, "Under traditional conflict of law analysis, either Kentucky's or Missouri's laws would appear most likely to apply." This is not sufficient to alter our conclusion that the relative interests of the three counties are not so unbalanced that a transfer is required.

Finally, we consider the comparative court congestion in the alternative proposed fora. Here, the defendants have provided statistics showing that more cases are filed in Madison County than in either of the defendants' proposed alternative fora. However, they have not provided any evidence that either Bullitt County or Stoddard County would resolve the case more quickly than Madison County. Court congestion is not a significant factor, particularly where the defendant fails to demonstrate that its proposed forum can resolve the case more quickly. *Langenhorst*, 219 Ill. 2d at 451-52, 848 N.E.2d at 939-40 (relying on *Guerine*, 198

12

Ill. 2d at 517, 764 N.E.2d at 58). We do not find that the defendants carried their burden of demonstrating that this factor favors a dismissal.

Considering the factors as a whole, we conclude that they do not strongly favor a dismissal. We thus find no abuse of discretion in the trial court's ruling denying the defendants' forum motions. We therefore affirm its order.

Motion to dismiss appeal denied; motion to strike brief granted in part; judgment affirmed.

DONOVAN and STEWART, JJ., concur.

NO. 5-04-0099
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

| | |
|---|---|
| RAYMOND BROWN and GEORGIA BROWN, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiffs-Appellees, | ) Madison County. |
| | ) |
| v. | ) No. 02-L-1569 |
| | ) |
| COTTRELL, INC., and FORD MOTOR COMPANY, | ) |
| | ) |
| Defendants-Appellants, | ) |
| | ) |
| and | ) |
| | ) |
| CASSENS & SONS, INC., CASSENS CORPORATION, | ) |
| ALBERT CASSENS, ALBERT CASSENS TRUST, | ) |
| GENERAL MOTORS CORPORATION, and Unknown | ) |
| Chain and Ratchet System Component Distributors/ | ) |
| Manufacturers, | ) Honorable |
| | ) A. A. Matoesian, |
| Defendants. | ) Judge, presiding. |

**Opinion Filed**:       April 24, 2007

**Justices**:       Honorable Melissa A. Chapman, J.

Honorable James K. Donovan, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellants**       Karen L. Kendall, Brad A. Elward, Heyl, Royster, Voelker & Allen, 124 S.W. Adams Street, Suite 600, Peoria, IL 61602; Robert H. Shultz, Jr., Michael T. Kokal, 103 N. Main Street, Suite 100, Edwardsville, IL 62025; Alan J. Dixon, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102-2750 (attorneys for Cottrell, Inc.)

James D. Sloan, Donohue, Brown, Mathewson & Smyth, 140 South Dearborn Street, Suite 700, Chicago, IL 60603 (attorney for Ford Motor Co. - ADOPTED COTTRELL'S BRIEF)

**Attorneys for Appellees**       Charles W. Armbruster III, The Lakin Law Firm, P.C., 300 Evans Ave., P.O. Box 229, Wood River, IL 62095; Brian M. Wendler, Wendler Law, P.C., 900 Hillsboro, Suite 10, Edwardsville, IL 62025