# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Fennell v. Illinois Central R.R. Co.*, 2012 IL App (5th) 100504**

| | |
|---|---|
| Appellate Court Caption | WALTER FENNELL, Plaintiff-Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0504 |
| Filed | January 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In plaintiff's action under FELA alleging that he developed respiratory ailments as a result of his exposure to asbestos and other toxic substances while employed with defendant railroad, the trial court did not abuse its discretion in denying defendant's motion to dismiss on the basis of interstate *forum non conveniens,* since the trial court properly concluded that after weighing the relevant public- and private-interest factors, defendant failed to meet its burden of demonstrating that the factors strongly favored dismissal in favor of a Mississippi forum. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 09-L-19; the Hon. Lloyd A. Cueto, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael C. Hermann and Thomas R. Peters, both of Boyle Brasher LLC, of Belleville, for appellant.

William P. Gavin, of Gavin Law Firm, of Belleville, for appellee.

Panel

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.

Presiding Justice Donovan concurred in the judgment and opinion.

Justice Welch dissented, with opinion.

## OPINION

¶ 1    The defendant, Illinois Central Railroad Company, appeals a trial court order denying its motion to dismiss the plaintiff's complaint in favor of a Mississippi forum. The defendant argues that the court abused its discretion. We affirm.

¶ 2    The plaintiff, Walter Fennell, worked in various capacities for the defendant from 1970 until 2007. In his complaint, he alleges that he suffers from respiratory ailments as a result of exposure to asbestos, diesel exhaust, sand, environmental tobacco smoke, and toxic dusts, fumes, and gases. He alleges that this exposure occurred throughout the course of his 37-year career with the defendant. The plaintiff resides in Hazelhurst, Mississippi, located in Copiah County. While working for the defendant, he was based at its facility in Jackson, Mississippi, which is in Hinds County. He worked on trains that ran "mostly in and out of Jackson, Mississippi, to Gulfport, Louisiana, and McComb, Mississippi." He also alleges that he "went to Memphis, Tennessee, Mobile, Alabama, and New Orleans" and attended engineering school in Homewood, Illinois.

¶ 3    In 2002, the plaintiff and 84 other plaintiffs filed an action against the defendant in Pike County, Mississippi. All 85 plaintiffs lived in Mississippi or Louisiana and were current or former employees of the defendant. The allegations in that litigation were essentially the same as the allegations in the case before us. In June 2006, the Mississippi trial court granted a motion to dismiss filed by the defendant. The court dismissed the action without prejudice. The record in this appeal does not reveal the basis for the defendant's motion to dismiss the Mississippi action.

¶ 4    In 2009, the plaintiff filed the instant lawsuit in St. Clair County, Illinois. He brought his claims under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2000)) and the Locomotive Boiler Inspection Act (49 U.S.C. § 20701 *et seq.* (2000)). As previously stated, he alleged that he developed respiratory ailments as a result of exposure to asbestos and other toxic substances over the course of his employment with the defendant.

¶ 5        The defendant filed a motion to dismiss on the basis of interstate *forum non conveniens*. The defendant argued in its motion, as it does in this appeal, that trial in the plaintiff's home county of Copiah County, Mississippi, would be more convenient for all parties. The defendant argued that dismissal in favor of a Mississippi forum was warranted because (1) the plaintiff was a lifelong resident of Mississippi who worked out of the defendant's Jackson, Mississippi, facility, (2) the plaintiff did not allege that any part of his injury occurred in St. Clair County or elsewhere in Illinois, (3) numerous potential witnesses lived in Mississippi, and (4) trial in Copiah County, Mississippi, would be more convenient for the defendant's representatives most likely to testify or attend the trial, who were based at its facility in Memphis, Tennessee.

¶ 6        In support of its motion, the defendant attached interrogatories in which the plaintiff identified 13 individuals who were at least potential witnesses, all of whom live in Mississippi. These individuals include the plaintiff's wife and three adult children, four physicians who had treated the plaintiff, and five of his coworkers. We note that the plaintiff identified these individuals in response to questions asking him to identify family members, treating physicians, and coworkers. It is unclear how many of these individuals the plaintiff intends to call as witnesses. We further note that the defendant has not alleged that *it* intends to call any of these individuals as witnesses.

¶ 7        The defendant also attached the affidavit of Charles Garrett, the defendant's risk mitigation manager for occupational disease claims. Garrett stated that he and several other Illinois Central representatives likely to attend the trial or testify live in or near Memphis, Tennessee. He stated that it would be a hardship for these employees to travel to Belleville for a St. Clair County trial and that it would be "substantially more convenient" for them to travel to Copiah County, Mississippi. He did not identify any witnesses or representatives likely to attend the trial other than himself, and he did not elaborate on the reasons travel to Copiah County would be more convenient. As we will discuss in more detail later, the two counties are nearly the same distance from Memphis.

¶ 8        The plaintiff filed a response to the defendant's motion to dismiss. The plaintiff pointed out that the defendant was represented in this lawsuit by a Belleville law firm that had previously represented it in similar litigation in Illinois, Mississippi, Louisiana, and Tennessee. The plaintiff emphasized that, as a result of this representation, the defendant's counsel had collected numerous items of evidence that would be relevant in this case. This evidence–consisting of documents and tangible items–was voluminous and was stored in the Belleville offices of the defendant's counsel. In support of these allegations, the plaintiff attached photographs of some of the evidence involved and an affidavit in which his own attorney stated that he had represented other former employees of the defendant in numerous prior actions in which the same Belleville law firm had represented the defendant.

¶ 9        In addition, the plaintiff identified two witnesses that he intends to call, both of whom are employees of the defendant. Specifically, he intends to call Lyndle Burton, the defendant's manager of industrial hygiene, and Charles Garrett, the defendant's risk mitigation manager for occupational disease claims. Garrett, as previously noted, is a resident of Memphis, Tennessee. Burton is a resident of Joliet, Illinois. The plaintiff also identified Dr. Alvin Schonfield as an expert witness. Dr. Schonfield resides in Chicago, Illinois.

¶ 10    The court denied the defendant's motion to dismiss in a written order. The court expressly found that the St. Clair County court would be a convenient forum because (1) "almost 80 years of relevant evidence" is located "just five miles from the St. Clair County Courthouse," (2) Burton and Garrett, whose testimony would be important to the plaintiff, could be compelled to testify if the trial were held in Illinois but not if it were held in Mississippi, (3) St. Clair County is closer and more convenient for the plaintiff's expert witness from Chicago, and (4) the citizens of St. Clair County have an interest in litigation involving asbestos and other toxic substances in railcars that travel throughout the country. In addition, the court found as follows: "St. Clair County no longer has congested trial dockets. In fact, there are so few trials that as a matter of policy in Courtroom 404 if the attorneys agree on a jury week they get it. Guaranteed!" The defendant then filed the instant appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Feb. 26, 2010).

¶ 11    *Forum non conveniens* is an equitable doctrine that allows a trial court to decline jurisdiction if trial in a different forum would be more convenient and " 'would better serve the ends of justice.' " *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006) (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991)). The doctrine is applicable whether the defendant seeks transfer to a different county within the state (intrastate *forum non conveniens*) or dismissal in favor of a proposed forum in another state (interstate *forum non conveniens*). Both types of forum cases are governed by the same principles. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176, 797 N.E.2d 687, 696 (2003).

¶ 12    Although this doctrine gives trial courts the discretion to decline jurisdiction, they should do so "only in exceptional circumstances." (Emphasis omitted.) *Langenhorst*, 219 Ill. 2d at 442, 848 N.E.2d at 934. This is because a plaintiff "has a substantial interest in choosing the forum where his rights will be vindicated." *First American Bank v. Guerine*, 198 Ill. 2d 511, 517, 764 N.E.2d 54, 58 (2002). The plaintiff's choice, therefore, should be disturbed only if a defendant can demonstrate that the plaintiff's chosen forum is inconvenient to the defendant and that a different forum would be more convenient to all parties. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. The burden of proving transfer or dismissal in favor of a different forum is on the defendant (*Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935), and it is a difficult burden to meet (*Langenhorst*, 219 Ill. 2d at 443, 848 N.E.2d at 935).

¶ 13    In determining whether a defendant has met this burden, trial courts must consider various factors identified by our supreme court. These include both private-interest factors related to the convenience of the parties and public-interest factors related to the efficient administration of the courts. *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 274, 945 N.E.2d 1153, 1166 (2011). The private-interest factors include: (1) the convenience of the parties, (2) the comparative ease of access to witnesses, documents, and other evidence, and (3) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Guerine*, 198 Ill. 2d at 516, 764 N.E.2d at 58. The public-interest factors include: (1) the interest in deciding local controversies locally, (2) the unfairness of imposing the expense of a trial and the burden of jury duty on a county with little or no connection to the litigation, and (3) the relative court congestion. *Guerine*, 198 Ill. 2d at 516-17, 764 N.E.2d at 58.

¶ 14    One additional consideration is the plaintiff's choice of forum. As previously discussed,

the plaintiff has a substantial interest in choosing the forum in which to have his claims resolved. Thus, the plaintiff's choice of forum is always accorded some deference. *Brown v. Cottrell, Inc.*, 374 Ill. App. 3d 525, 529, 871 N.E.2d 63, 67 (2007) (citing *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170, 840 N.E.2d 269, 277 (2005)). Where, as here, the plaintiff's chosen forum is neither his home county nor the county in which the events giving rise to his cause of action occurred, this choice is accorded less deference than it otherwise would receive. *Langenhorst*, 219 Ill. 2d at 442-43, 848 N.E.2d at 934. However, less deference does not mean no deference. *Brown*, 374 Ill. App. 3d at 529, 871 N.E.2d at 67 (citing *Langenhorst*, 219 Ill. 2d at 448, 848 N.E.2d at 938). Unless, on balance, the relevant factors *strongly* favor transfer to the defendant's proposed forum, the plaintiff's choice should not be disturbed. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935.

¶ 15 The trial court must consider and balance all relevant forum factors without placing undue emphasis on any one factor. Each case is unique and must be decided based on its own particular set of facts. *Langenhorst*, 219 Ill. 2d at 443, 848 N.E.2d at 935. On appeal from an order granting or denying a forum motion, we will reverse only if the trial court abused its considerable discretion in balancing the relevant factors. *Langenhorst*, 219 Ill. 2d at 441-42, 848 N.E.2d at 934. This occurs if no reasonable person could take the view taken by the trial court. *Langenhorst*, 219 Ill. 2d at 442, 848 N.E.2d at 934.

¶ 16 Turning to the facts of the case before us, we will first consider the private-interest factors. These factors include the convenience of the parties, the comparative ease of access to witnesses and evidence, and all of the other practical considerations that make trying a case easy, expeditious, and inexpensive.

¶ 17 We first consider the convenience of the parties. The plaintiff in this case resides in Copiah County, Mississippi, the defendant's proposed alternative forum. However, the defendant must demonstrate inconvenience *to the defendant*; it cannot prevail by pointing to inconvenience to the plaintiff. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. We find that the defendant has failed to meet its burden of showing that trial in St. Clair County would be less convenient for it than trial in Copiah County, Mississippi. The defendant has not identified any of its own witnesses or representatives in Mississippi who would need to attend the trial, and the record demonstrates that the defendant's Memphis-based representatives will face a similar degree of inconvenience attending trial in either forum.

¶ 18 We acknowledge that the defendant presented the affidavit of one of those representatives, who specifically stated that attending trial in Copiah County would be "substantially more convenient" for him and the other unnamed representatives. However, a search of MapQuest shows that the distance between Memphis, Tennessee, and Copiah County seat Hazelhurst, Mississippi, is 245 miles, while the distance between Memphis and Belleville, Illinois, is 268 miles. MapQuest, http://www.mapquest.com (last visited Oct. 21, 2011). We may take judicial notice of matters that are readily verifiable, such as the distances between cities. See *Hoskin v. Union Pacific R.R. Co.*, 365 Ill. App. 3d 1021, 1024-25, 851 N.E.2d 646, 650 (2006) (citing *Dawdy*, 207 Ill. 2d at 177, 797 N.E.2d at 696). The defendant offers no support for Garrett's bald assertion that the 23 additional miles would make traveling to St. Clair County substantially more burdensome than traveling to Copiah County. As a practical matter, travel to either forum would involve a drive of approximately half a

day. We do not believe this factor favors either forum.

¶ 19    We will next consider the relative ease of access to witnesses and other sources of evidence. The defendant relies heavily on the fact that there are 13 individuals in Mississippi who are at least potential witnesses, while the plaintiff emphasizes the voluminous documentary evidence in the possession of the defendant's Belleville attorneys. While we agree with the parties that these facts are relevant, we place far less weight on them than do the parties.

¶ 20    As previously discussed, the 13 potential Mississippi witnesses are the plaintiff's treating physicians, coworkers, and family members. Obviously, Copiah County, Mississippi, would be the more convenient forum for any of these individuals who are actually called to testify at trial. Although the record does not indicate which, if any, of these witnesses the plaintiff intends to call, it is likely that at least some of them will be called. The plaintiff will need the testimony of at least some of his medical providers to establish that he suffered damages linked to his alleged exposure to toxic substances on the job. Aside from the plaintiff's medical providers, however, we cannot speculate as to how many of these potential witnesses may be called or how important their testimony will be to the plaintiff's case. See *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 533, 568 N.E.2d 883, 888 (1991); *Brant v. Rosen*, 373 Ill. App. 3d 720, 728, 869 N.E.2d 232, 240 (2007).

¶ 21    We also emphasize the fact that the *defendant* has not indicated that it intends to call any of these individuals as witnesses. As we have discussed, the defendant cannot overcome the plaintiff's choice of forum by demonstrating that the plaintiff will be inconvenienced. Thus, it is appropriate to accord less weight to this list of potential Mississippi witnesses than we otherwise might.

¶ 22    The only other witnesses identified in the record are the plaintiff's expert, Dr. Schonfield, and two of the defendant's employees, Garrett and Burton. Dr. Schonfield is a Chicago resident for whom trial in St. Clair County will be much closer and more convenient. Although we consider his convenience, we place very little weight on this consideration. See *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227, 506 N.E.2d 1291, 1295-96 (1987). Trial in St. Clair County would also be more convenient for Burton, a resident of Joliet, Illinois. As previously discussed, Garrett lives in Memphis, Tennessee, and trial in either proposed forum would be equally convenient.

¶ 23    The testimony of witnesses is not the only source of evidence we consider in evaluating this factor. As previously noted, the plaintiff has placed heavy emphasis on the need to introduce documentary evidence relevant to the foreseeability of his injuries. This evidence is in the Belleville offices of the defendant's law firm. This court has found the location of documentary evidence to be a relevant but insignificant factor because it is relatively easy for witnesses to bring documents with them to the trial. *Brown v. Cottrell, Inc.*, 374 Ill. App. 3d 525, 532, 871 N.E.2d 63, 69 (2007).

¶ 24    Here, the plaintiff argues that it would be difficult to bring the required documents to a trial in Copiah County, Mississippi, due to the volume of the necessary documents and the age and frailty of some of the relevant documents. He specifically points to a collection of documents from the 1930s known as the "Alton Railroad Documents." We note, however,

that the record shows that attorneys for both parties have tried numerous similar cases in Tennessee, Mississippi, and Louisiana over the years. This demonstrates that while it is obviously more convenient to bring these documents to a trial in St. Clair County, transporting them to an out-of-state forum is not an insurmountable burden.

¶ 25    Considering the comparative ease of access to witnesses and documentary evidence in this case, we do not believe this factor strongly favors either forum. The need for the plaintiff to present medical evidence from his Mississippi medical providers tips the balance very slightly in favor of a Mississippi forum, but we do not believe that the defendant carried its burden of demonstrating that this factor strongly favors its chosen forum.

¶ 26    The final private-interest factor we consider is all of the other practical issues that make a case easy, expeditious, and inexpensive to litigate. This factor includes the availability of compulsory process to compel the testimony of unwilling witnesses and the feasibility of viewing the site of the incident giving rise to the plaintiff's claim, if appropriate. *Guerine*, 198 Ill. 2d at 516, 764 N.E.2d at 58. We may also consider the location of the parties' attorneys, although this is not a weighty consideration. *Dawdy*, 207 Ill. 2d at 179, 797 N.E.2d at 697; *Boner*, 142 Ill. 2d at 534, 568 N.E.2d at 888.

¶ 27    As previously noted, the trial court found that the defendant's agents, Burton and Garrett, would be subject to compulsory process if the trial is held in Illinois but would not be subject to compulsory process if the trial is in Mississippi, although we note that it appears likely that the defendant also intends to call both of these people as witnesses. The defendant argues that the plaintiff's doctors, family members, and coworkers would not be subject to compulsory process in Illinois; however, as previously discussed, the defendant has not specifically alleged that it intends to call any of these people, and we can presume that the plaintiff will call some of his medical providers.

¶ 28    We also consider the feasibility of a jury view. Here, the plaintiff has not alleged that he suffered a site-specific injury. Rather, he alleged that he suffers from respiratory ailments as a result of cumulative exposure to various toxic substances over the course of his 37-year career working for the defendant. Much of his work was performed aboard moving trains. We acknowledge that our supreme court has held that courts must consider the *possibility* of a jury view of a relevant site even if the probability of such a view is very slim. *Dawdy*, 207 Ill. 2d at 178-79, 797 N.E.2d at 697. Nevertheless, we need not give much consideration to this factor when a jury view is not possible because the injury is not site-specific. See *Brown*, 374 Ill. App. 3d at 534, 871 N.E.2d at 70.

¶ 29    Finally, we can consider the fact that both parties' attorneys are based in St. Clair County, although, as noted, this is not a particularly significant factor. On balance, we find that this factor weighs slightly in favor of a St. Clair County trial.

¶ 30    We next consider the public-interest factors. These include the interest in deciding local controversies locally, the unfairness of imposing the expense of trial and the burden of jury duty on residents of a county with little connection to the litigation, and the comparative court congestion in the alternative fora. We first note that this case does not involve a controversy of a particularly local nature. The plaintiff seeks relief under two federal statutory schemes from a defendant who operates rail lines in multiple states. This is not the

type of inherently local controversy that must be resolved in either Mississippi or Illinois. See *Hoskin*, 365 Ill. App. 3d at 1025-26, 851 N.E.2d at 650-51. This factor, therefore, favors neither forum.

¶ 31    In addition, we do not believe it would be unfair to burden residents of either St. Clair County or Copiah County with the expense of a trial in this matter or the burden of jury duty. Both counties have a legitimate interest in litigating this case because the problems of exposure to asbestos and other toxins by railroad workers is a national, not local, problem. See *Hoskin*, 365 Ill. App. 3d at 1026, 851 N.E.2d at 651. However, Copiah County has an additional interest in resolving the claim of one of its residents. We also note that the plaintiff alleges that his work-related exposure to toxic substances took place primarily in Mississippi and Louisiana, although it is not clear how much–if any–took place within Copiah County itself. This factor weighs somewhat in favor of trial in Copiah County.

¶ 32    Finally, we compare the burdens of crowded dockets in both counties. Here, the defendant presented evidence that a higher number of cases are filed in St. Clair County each year than in Copiah County. However, it did not present any evidence as to how long it takes to resolve cases in Copiah County. Court congestion is not a significant factor, especially when a defendant cannot show that one forum can resolve the case more quickly than the other. *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 58. Moreover, the trial court expressly found that its dockets were not overburdened. We give deference to this express finding because the trial court is in a better position than we are to assess the burdens of its own docket. *Boner*, 142 Ill. 2d at 538-39, 568 N.E.2d at 891; see also *Langenhorst*, 219 Ill. 2d at 452, 848 N.E.2d at 940 (giving deference to a court's express finding that overcrowded dockets are not a concern).

¶ 33    Weighing all relevant public- and private-interest factors, we find that the trial court properly concluded that the defendant failed to meet its burden of demonstrating that the factors *strongly* favor dismissal in favor of a Mississippi forum. The defendant, however, argues that the instant case is analogous to the supreme court's decision in *Gridley* and this court's decisions in *Laverty v. CSX Transportation, Inc.*, 404 Ill. App. 3d 534, 956 N.E.2d 1 (2010), and *Skidmore v. Gateway Western Ry. Co.*, 366 Ill. App. 3d 238, 852 N.E.2d 857 (2006). In all three of these cases, the reviewing court found that a trial court abused its discretion in denying a forum motion. We are not persuaded.

¶ 34    We find *Gridley* and *Skidmore* readily distinguishable. *Gridley* involved allegations that the defendant had violated Louisiana statutes by failing to obtain a salvage title on a vehicle that had been involved in an accident and handled as a total loss before the plaintiff purchased the vehicle. *Gridley*, 217 Ill. 2d at 171, 840 N.E.2d at 278. The supreme court emphasized both Louisiana's interest in applying Louisiana law in its own courts and Illinois's interest in not being burdened with the need to apply the law of another state in determining that this was the type of dispute that should be resolved locally by a Louisiana court. *Gridley*, 217 Ill. 2d at 175, 840 N.E.2d at 280. *Skidmore* involved a collision between an automobile and a train at a railroad crossing in Missouri. *Skidmore*, 366 Ill. App. 3d at 239, 852 N.E.2d at 859. Our supreme court has previously found that automobile accidents have an inherently local flavor. *Dawdy*, 207 Ill. 2d at 183, 797 N.E.2d at 699. By contrast, as previously discussed, this case involves a controversy with a decidedly nonlocal flavor.

¶ 35     In addition, in both *Gridley* and *Skidmore*, the parties had identified numerous witnesses they intended to call, most of whom were residents of the defendants' chosen fora. See *Gridley*, 217 Ill. 2d at 174, 840 N.E.2d at 279 (noting that most witnesses lived in Louisiana); *Skidmore*, 366 Ill. App. 3d at 241-42, 852 N.E.2d at 861 (noting that all witnesses lived in the Missouri county where the accident took place). This case, by contrast, involves few specified witnesses, including two who live in Illinois.

¶ 36     *Laverty* merits further discussion. That case was brought under FELA and involved a claim that the plaintiff's decedent had contracted mesothelioma as a result of cumulative exposure to asbestos over the course of his career working for the defendant railroad. *Laverty*, 404 Ill. App. 3d at 534, 956 N.E.2d at 3. The defendant there filed a *forum non conveniens* motion, arguing that trial in Michigan would be more convenient. *Laverty*, 404 Ill. App. 3d at 535, 956 N.E.2d at 4. The trial court denied the motion, but a panel of this court reversed that decision. *Laverty*, 404 Ill. App. 3d at 534, 956 N.E.2d at 3.

¶ 37     Some facts relevant to resolution of the defendant's forum motion in *Laverty* were similar to the facts before us. Neither the plaintiff nor the decedent was an Illinois resident. The plaintiff was a resident of Texas. The decedent was a resident of Texas at the time of his death, but he was a resident of Michigan and Ohio while he worked for the defendant railroad. *Laverty*, 404 Ill. App. 3d at 535, 956 N.E.2d at 3. The defendant argued that most of the decedent's alleged exposure to asbestos occurred in Michigan (although we note that the *Laverty* court does not discuss whether the record supported this claim). *Laverty*, 404 Ill. App. 3d at 535, 956 N.E.2d at 4. As here, none of the injury was alleged to have occurred in Illinois. *Laverty*, 404 Ill. App. 3d at 538, 956 N.E.2d at 6.

¶ 38     There were also some important distinctions. In *Laverty*, all witnesses identified by either party lived outside of Illinois (although we note that the *Laverty* court did not discuss where they did live or indicate whether all or most relevant witnesses were in Michigan). *Laverty*, 404 Ill. App. 3d at 535-36, 956 N.E.2d at 4. Indeed, the plaintiff there conceded that there were no Illinois witnesses. *Laverty*, 404 Ill. App. 3d at 539, 956 N.E.2d at 7. Here, Lyndle Burton, an employee of the defendant and a witness identified as important by both parties, lives in Joliet, Illinois. The plaintiff's expert, Dr. Schonfield, also lives in Illinois, residing in Chicago.

¶ 39     Additionally, in *Laverty*, the court considered the fact that none of the identified witnesses would be subject to subpoena power in Illinois. *Laverty*, 404 Ill. App. 3d at 538, 956 N.E.2d at 6. In the case before us, Charles Garrett, who both the plaintiff and the defendant have indicated would be called as a witness, lives in Memphis, Tennessee, as do several other unidentified Illinois Central representatives who Garrett attests would testify and/or attend the trial. Here, in contrast to *Laverty*, the trial court found that both Garrett and Burton would be subject to subpoena power in Illinois but not in Mississippi.

¶ 40     Unlike the defendant in *Laverty*, the defendant here has not identified any of its own witnesses or representatives who live in its proposed alternative forum of Mississippi. Furthermore, Garrett's bald assertion that Mississippi is "substantially more convenient" than Illinois for the Tennessee witnesses, without any factual basis, does nothing to demonstrate how the plaintiff's chosen forum of Illinois is inconvenient to the defendant. This is

particularly true in light of the fact that St. Clair County, Illinois, and Copiah County, Mississippi, are roughly the same distance from Memphis, Tennessee.

¶ 41    A final distinction between the case before us and *Laverty* is that here, there is no need to consider the possibility of a jury view of the situs of the injury. The plaintiff did not suffer a site-specific injury, as much of his work was performed aboard moving trains. Thus, a jury view would not be possible.

¶ 42    As we have discussed at length, it is the defendant's burden to show both that the plaintiff's chosen forum is inconvenient to the defendant and that the defendant's proposed alternative forum is substantially more convenient for all parties. For the reasons we have discussed, we conclude that the defendant here has failed to meet its burden of demonstrating either of these propositions. We find nothing in *Laverty*, *Gridley*, or *Skidmore* to alter our conclusion.

¶ 43    For the foregoing reasons, we conclude the trial court properly exercised its discretion in denying the defendant's forum motion. Thus, we affirm the court's ruling.

¶ 44    Affirmed.

¶ 45    JUSTICE WELCH, dissenting:

¶ 46    I dissent. It is my belief that the circuit court abused its discretion when it denied the defendant's motion to dismiss based on the grounds of *forum non conveniens*. It is the duty of this court to give the circuit court guidance. Although Illinois has not adopted horizontal *stare decisis*, the appellate courts of this district should interpret findings of the Illinois Supreme Court in such a way as to give guidance to the circuit courts. The Fifth District's most recent case involving *forum non conveniens* is *Laverty v. CSX Transportation, Inc.*, 404 Ill. App. 3d 534, 956 N.E.2d 1 (2010). *Laverty* is a case very similar to this case and should be instructive.

¶ 47    The majority discusses all of the private- and public-interest factors and the amount of deference that must be given to each factor. A reading of the majority opinion shows how the circuit court abused its discretion when it denied the defendant's motion. In this case, there was not one factor that the supreme court has advised the appellate courts to consider that could only be considered slight deference or very slight deference. It is difficult, if not impossible, to find any nexus to Illinois, let alone to St. Clair County, in a *forum non conveniens* setting. Therefore, I dissent.