(No. 94144.—

CHRISTOPHER K. GRIDLEY, on Behalf of Himself
and All Others Similarly Situated, Appellee, v.
STATE FARM MUTUAL AUTOMOBILE INSUR-
ANCE COMPANY, Appellant.

*Opinion filed November 17, 2005.*

KARMEIER, J., took no part.

Robert H. Shultz, Jr., and Brad A. Elward, of Heyl, Royster, Voelker & Allen, of Edwardsville, and Edward M. Crane and Gregory S. Bailey, of Skadden, Arps, Slate, Meagher & Flom (Illinois), of Chicago, for appellant.

John W. Hoffman and Judy L. Cates, of Carr Korein Tillery, of Belleville (Ron Parry, of Parry, Deering, Futscher & Sparks, P.C., of Covington, Kentucky, and Emmett J. Boudreaux, of Boudreaux & Whitworth, of Baton Rouge, Louisiana, of counsel), for appellee.

Brian L. Crowe and Patricia S. Spratt, of Shefsky & Froelich, Ltd., of Chicago, and John D. Aldock, Patrick M. Hanlon and Richard L. Matheny III, of Shea & Gardner, and Robin S. Conrad, all of Washington, D.C., for *amicus curiae* The Chamber of Commerce of the United States of America.

Jeffrey Lennard, Alan M. Posner and Mark L. Hanover, of Sonnenschein, Nath & Rosenthal, of Chicago, for *amici curiae* Allegiance Healthcare Corporation *et al.*

James P. DeNardo and Gregory L. Cochran, of McKenna Storer, of Chicago, and Clifton S. Elgarten and Monica G. Parham, of Crowell & Moring, L.L.P., and Lynda S. Mounts, all of Washington, D.C., for *amicus curiae* American Insurance Association.

Thomas L. Aldrich, of Deerfield, for *amicus curiae* Baxter Healthcare Corporation.

James M. Rooney, of Peoria, for *amicus curiae* Caterpillar, Inc.

Hugh C. Griffin and Stevie A. Starnes, of Lord, Bissell & Brook, of Chicago (Hugh F. Young, Jr., of Reston, Virginia, of counsel), for *amicus curiae* Product Liability Advisory Council, Inc.

Stephen R. Wigginton, of Weilmuenster & Wigginton, of Belleville, for *amicus curiae* Illinois Trial Lawyers Association.

CHIEF JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Christopher Gridley, filed a class action complaint in the circuit court of Madison County on behalf of himself and a proposed nationwide class against defendant, State Farm Mutual Automobile Insurance Company (State Farm). Gridley's complaint alleged unjust enrichment and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2000)) in connection with State Farm's sale of salvage vehicles.

State Farm moved to dismiss the complaint based upon the doctrine of *forum non conveniens* (134 Ill. 2d R. 187), arguing that Louisiana and not Illinois was the most convenient forum. Alternatively, State Farm moved to transfer the cause from Madison County to McLean County, State Farm's principal place of business. The circuit court denied State Farm's motions. State Farm appealed the circuit court's order pursuant to Illinois Supreme Court Rule 306(a) (166 Ill. 2d R. 306(a)). The appellate court remanded the cause for entry of a detailed discovery order that would produce information relevant

to the issues raised in the *forum non conveniens* motions. 329 Ill. App. 3d 422. This court allowed State Farm's petition for leave to appeal. 177 Ill. 2d R. 315(a). We also granted the Illinois Trial Lawyers Association leave to submit an *amicus curiae* brief in support of plaintiff. See 155 Ill. 2d R. 345. We granted Allegiance Healthcare Corporation, Allstate Insurance Company, Baxter Healthcare Corporation, Caterpiller, Inc., Country Mutual Insurance Company, Sears Roebuck and Company, and Walgreen Company leave to submit an *amicus curiae* brief in support of defendant. We also granted leave to submit *amicus curiae* briefs in support of defendant to the Chamber of Commerce of the United States of America, the Product Liability Advisory Council, Inc., and the American Insurance Association. We now reverse the judgments of the circuit and appellate courts and remand the cause to the circuit court for entry of an order granting State Farm's motion to dismiss based upon *forum non conveniens*.

## BACKGROUND

Gridley, a resident of Louisiana, filed suit as representative of a class of "all persons in the United States who purchased an automobile which was previously declared a 'total loss' by State Farm, and for which State Farm failed to obtain a salvage title." Gridley alleged that State Farm had a practice of obtaining "clean" titles on vehicles that it had previously declared "total losses" and that it marketed those vehicles at automobile auctions with clean titles. Gridley alleged that State Farm's practice violated the Consumer Fraud Act because State Farm was required by state titling laws to obtain "salvage" titles on the vehicles of Gridley and the other class members but instead obtained clean titles and marketed the vehicles at auction at higher prices. State Farm concealed from Gridley and the other class members that it had previously declared the vehicles total

losses. State Farm violated state law by putting those vehicles back into the chain of commerce with clean titles rather than salvage titles. Gridley also alleged that State Farm was unjustly enriched by the excess monies it received for the sale of clean titled vehicles which should have been salvage titled vehicles.

State Farm moved to dismiss the class action complaint or, in the alternative, to transfer venue pursuant to the doctrine of *forum non conveniens*. State Farm argued that Illinois was not the most convenient forum because Gridley, the only named plaintiff, was a resident of Louisiana, the events giving rise to the complaint were alleged to have occurred in Louisiana, and Gridley alleged a violation of Louisiana's title law. In addition, State Farm argued that the Illinois Consumer Fraud Act could not apply to an act that took place in another state. State Farm maintained that Louisiana was the better venue for Gridley's complaint.

In the alternative, State Farm asked the court to transfer the cause to McLean County, where State Farm has its corporate offices. State Farm noted that the McLean County courts were considerably less congested than the Madison County courts. Further, because Gridley was not a resident of Illinois or Madison County, and because the incidents at issue took place entirely in Louisiana, Gridley's choice of forum was not entitled to any significant deference. Assuming any Illinois county was more convenient than a Louisiana court, State Farm contended that McLean County was a more convenient forum for the action than Madison County.

The circuit court denied State Farm's motion in its entirety. The circuit court held that Illinois had a significant interest in the litigation because State Farm was headquartered here and because Gridley sought recovery under Illinois' substantive law. The circuit court also held that it was proper to consider the size and loca-

tion of the putative class in ruling on a *forum non conveniens* motion. The circuit court concluded that because the putative class would likely include residents of several states, an Illinois court would be as capable as a Louisiana court of assigning subclasses for each state.

The circuit court also held that State Farm had failed to satisfy its burden of proof in support of its alternative request to transfer the cause from Madison County to McLean County. The circuit court found that its calendar was not congested, and further stated that State Farm had failed to identify a single witness or document located within McLean County that was important to the case. Consequently, the circuit court held that State Farm failed to establish that the public and private interest factors strongly favored transfer of the cause from Madison County to McLean County.

As noted, the appellate court remanded the cause to the circuit court. The appellate court held that the trial court did not have sufficient facts to make an informed decision on State Farm's *forum non conveniens* motion. Citing this court's decision in *First American Bank v. Guerine*, 198 Ill. 2d 511 (2002), the appellate court held that in interstate as well as intrastate *forum non conveniens* evaluations, the balance of factors must strongly favor transfer of a case before a plaintiff can be deprived of his chosen forum. 329 Ill. App. 3d at 428. However, because the record in the circuit court lacked competent information regarding the location of documents, witnesses or sources of proof regarding State Farm's alleged misconduct, the appellate court remanded the cause for further discovery on the *forum non conveniens* issue and for reconsideration in light of the appellate court's decision and this court's decision in *Guerine*.

## ANALYSIS

Before we can address whether the circuit court properly denied State Farm's motion to dismiss based

upon *forum non conveniens*, we must first consider whether the appellate court properly remanded this cause to the circuit court for further discovery on the *forum non conveniens* issue. Both State Farm and Gridley agree that the appellate court erred in remanding the cause for further discovery, although the parties disagree concerning why the appellate court's order was erroneous. State Farm maintains that the appellate court placed undue reliance on the putative class allegations. State Farm argues that the appellate court's order invites burdensome discovery and reliance on speculative matters. Moreover, the appellate court's order effectively frustrates the purpose of *forum non conveniens*. In contrast, Gridley argues that the appellate court erred in remanding the cause for further discovery because it is clear that Madison County is the proper forum for this action.

Upon review, we agree with State Farm that the appellate court improperly focused on the putative class allegations in remanding the cause for further discovery. In remanding the cause to the trial court for further discovery, the appellate court stated:

"In this case, the putative class has not been certified. The record provides no competent evidence regarding the number, identity, and location of potential class members. When considering a *forum non conveniens* motion in a class action, whether certified or uncertified, the court should consider the relevant factors in light of the identity, number and location of potential class members, rather than limit the inquiry to the named class representatives. Similarly, the location and availability of documentary and physical evidence on a class-wide basis should be considered. The reason the inquiry must extend beyond the named class representative is that a significant portion of the proof at the trial (witnesses, documents, and other tangible items) may well be located in a place different from the representative's place of residence. Moreover, if the class is certified, members of the class may be widely disbursed throughout the state or nation. Making a *forum*

*non conveniens* decision based solely upon the residence of the class representatives may result in the case being heard in a decidedly inconvenient forum for the rest of the class members." 329 Ill. App. 3d at 427.

As State Farm has argued, the appellate court improperly focused on the putative class members and improperly directed discovery into "the identity, number and location of potential class members" for purposes of State Farm's *forum non conveniens* motion. The appellate court's order places too much emphasis on the claims of those who have not yet been, and may not be, certified as a class. Indeed, at this point, it is unlikely that a nationwide class will be certified in this case. One of the allegations in Gridley's complaint is that State Farm's nationwide practices concerning salvage vehicles violated the Illinois Consumer Fraud Act. This court, however, recently held that the Illinois Consumer Fraud Act does not apply to fraudulent transactions which take place outside the state of Illinois. *Avery v. State Farm*, 216 Ill. 2d 100, 185 (2005). In *Avery*, this court explained that a plaintiff may pursue a private cause of action if "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery*, 216 Ill. 2d at 187.

This court in *Avery* concluded that the overwhelming majority of circumstances relating to the named out-of-state plaintiffs' claims concerning automobile replacement parts occurred outside Illinois. *Avery*, 216 Ill. 2d at 187. For example, plaintiff Avery was a resident of Louisiana, he garaged his car in Louisiana, and his accident occurred in Louisiana. *Avery*, 216 Ill. 2d at 187. Avery's estimate for repairs to his car was written in Louisiana and the alleged deception—the failure to disclose the inferiority of non-original-equipment-manufacturer parts—occurred in Louisiana. Avery's car was repaired in Louisiana and his contact with defendant State Farm was through a Louisiana agent, a Louisiana

claims representative and a Louisiana adjuster. Because the circumstances relating to the disputed transactions occurred primarily and substantially in Louisiana, Avery did not have a cognizable cause of action under the Illinois Consumer Fraud Act. *Avery*, 216 Ill. 2d at 187.

In this case, discovery for purposes of the *forum non conveniens* motion revealed that State Farm handles compliance with salvage laws on a state-by-state basis, rather than from State Farm's headquarters in Bloomington, Illinois, given the variation in each state's salvage laws. Like the plaintiff in *Avery*, Gridley is a resident of Louisiana. Gridley purchased his car in Louisiana and obtained automobile insurance in Louisiana. Gridley was involved in an accident in Louisiana and took his car to a repair center in Louisiana. State Farm's alleged deception—fraudulently obtaining a clean title rather than a salvage title on the vehicle sold to Gridley—occurred in Louisiana. In addition, the prior undisclosed damage to Gridley's vehicle was the result of two previous accidents in Louisiana. As in *Avery*, the majority of circumstances relating to the sale of the salvage vehicle in this case occurred primarily and substantially in Louisiana, so that Gridley does not have a cognizable cause of action under the Illinois Consumer Fraud Act. It follows that the failure of Gridley's Illinois Consumer Fraud Act claim necessarily defeats his class action claims based upon the Illinois Consumer Fraud Act. *Avery*, 216 Ill. 2d at 139 (a class action cannot be certified unless the named plaintiffs have a cause of action). Gridley's only remaining claim, then, alleges unjust enrichment. The likelihood that a nationwide class will be certified in this case on the remaining unjust-enrichment claim is too speculative to justify the imposition of extensive discovery concerning putative class members.

We also note that the appellate court's order is contrary to the nature and purpose of a class action,

which is intended to "allow a representative party to pursue the claims of a large number of persons with like claims" and which "does not contemplate or necessitate the appearance of absent parties." *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981). Indeed, it is the named plaintiffs in a class action that have the burden of establishing the statutory prerequisites to bringing a class action, and those prerequisites must be met before the court can sanction the maintenance of the suit as a class action. *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 486 (1984). Thus, a class action suit is "predicated on the inability of the court to entertain the actual appearance of all members of the class as well as the impracticality of having each member prosecute his individual claim." *Miner*, 87 Ill. 2d at 14. Given that the nature of a class action is to allow a named representative to act on behalf of any absent class members, it would be antithetical to nonetheless require a court to conduct detailed discovery into the claims of absent class members prior to deciding a *forum non conveniens* motion, particularly where the class has not been certified.

Further, as the United States Supreme Court has recognized, requiring extensive investigation prior to deciding a *forum non conveniens* motion would defeat the purpose of the *forum non conveniens* motion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258-59, 70 L. Ed. 2d 419, 437, 102 S. Ct. 252, 267 (1981). In *Piper*, the Court stated:

> "[The court of appeals] suggested that defendants seeking *forum non conveniens* dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum. Such detail is not necessary. [Defendants] have moved for dismissal precisely because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview.

> Requiring extensive investigation would defeat the purpose of [defendants'] motion. Of course, defendants must provide enough information to enable the District Court to balance the parties' interests. Our examination of the record convinces us that sufficient information was provided here." *Piper Aircraft Co.*, 454 U.S. at 258-59, 70 L. Ed. 2d at 437, 102 S. Ct. at 267.

Likewise, in this case, our examination of the record convinces us that sufficient information was provided here for the circuit court to decide State Farm's *forum non conveniens* motion without conducting any additional discovery.

In holding that the appellate court erred in remanding this cause for further discovery concerning the putative class, we emphasize that we do not hold that a court can never consider the identity, number and location of potential class members in deciding a *forum non conveniens* motion. Every request for transfer based upon *forum non conveniens* must be decided pursuant to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 11 L. Ed. 2d 945, 953, 84 S. Ct. 805, 812 (1964). Thus, in a derivative action "what forum is appropriate for such a task may require consideration of its relation to the whole group of members and stockholders whom plaintiff volunteers to represent as well as to the nominal plaintiff himself." *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 526, 91 L. Ed. 1067, 1075, 67 S. Ct. 828, 832 (1947). This is because a plaintiff in a derivative action might be "a mere phantom plaintiff with interest enough to enable him to institute the action and little more." *Koster*, 330 U.S. at 525, 91 L. Ed. at 1074, 67 S. Ct. at 832. In this case, however, where it is uncertain whether the putative class will in fact be certified, we find that the appellate court erred in remanding the cause for further discovery concerning the putative class.

Having found that the appellate court erred in remanding this cause for further discovery on the issue of *forum non conveniens*, we must next determine whether the trial court properly denied State Farm's motion to dismiss or transfer based upon *forum non conveniens*. Because Gridley cannot state a claim under the Consumer Fraud Act, our review of the trial court's *forum non conveniens* ruling is limited to the remaining unjust-enrichment claim. A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003). An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court. *Dawdy*, 207 Ill. 2d at 177.

The doctrine of *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration. *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). *Forum non conveniens* allows a court to decline jurisdiction of a case even though it may have proper jurisdiction over the subject matter and the parties involved if it appears that another forum can better serve the convenience of the parties and the ends of justice. *Adkins*, 54 Ill. 2d at 514. Indeed, the doctrine of *forum non conveniens* assumes that there is more than one forum with the power to hear the case. *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 117 (1981).

*Forum non conveniens* is a flexible doctrine requiring evaluation of the total circumstances rather than consideration of any single factor. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37 (1994). In determining whether *forum non conveniens* applies, the trial court must balance private interest factors affecting the convenience of the litigants and public interest factors affecting the

administration of the courts. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987). The private interest factors include:

> "(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate)." *Guerine*, 198 Ill. 2d at 516.

The public interest factors include:

> "(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Guerine*, 198 Ill. 2d at 516-17.

The trial court does not weigh the private interest factors against the public interest factors. *Guerine*, 198 Ill. 2d at 518. Rather, the trial court must evaluate the total circumstances of the case in determining whether the balance of factors strongly favors transfer. *Guerine*, 198 Ill. 2d at 518.

A further consideration is deference to a plaintiff's choice of forum. *Dawdy*, 207 Ill. 2d at 173. A plaintiff's right to select the forum is substantial and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. *Dawdy*, 207 Ill. 2d at 173. Thus, when a plaintiff chooses his home forum or the site of the accident or injury, it is reasonable to assume that the choice of forum is convenient. *Dawdy*, 207 Ill. 2d at 173. However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. *Dawdy*, 207 Ill. 2d at 173-74.

Based upon the foregoing factors, we find that the circuit court abused its discretion in denying State Farm's motion to dismiss based upon *forum non conveniens*. Balancing all the relevant factors, it is clear that those factors strongly favor dismissal in favor of a Louisiana forum with regard to the remaining unjust-enrichment claim. The pertinent facts of this case are as follows. The sole named plaintiff in this class action, Christopher Gridley, is a resident of Louisiana. Gridley purchased a 1998 Volvo S70 from a Louisiana auto auction dealer on November 18, 1999. The Volvo had a "clean title." The Volvo had originally been owned by John Fage, another Louisiana resident, who insured the Volvo through a State Farm office in Louisiana. While owned by Fage, the Volvo was involved in an automobile accident in Louisiana on April 15, 1999, and was taken to Duplessis Cadillac/Volvo, a repair facility in Louisiana. After the Volvo was repaired by Duplessis, Fage continued to have problems with the vehicle. Fage then took the Volvo to Medines Collision Center in Louisiana. Medines discovered additional damage to the vehicle as a result of the April 1999 accident. State Farm then handled the vehicle as a "total loss" and paid Fage $28,841.87 for the vehicle. Fage executed a special and limited power of attorney in Louisiana to allow State Farm to secure and transfer title to the Volvo.

Gridley alleged that rather than apply for a "salvage" title, as it was required to do pursuant to Louisiana statute (La. Rev. Stat. Ann. § 32:702(10) (West 2000)) and its agreement with Fage, State Farm fraudulently obtained a clean title on the vehicle. Thereafter, Gridley purchased the Volvo from the auto auction dealer. After Gridley purchased the Volvo, he obtained insurance on the vehicle through a State Farm office in Louisiana. The Volvo later was involved in another accident in Louisiana. When Gridley took the Volvo to Medines Collision Center

in Louisiana, he learned that the Volvo had unrepaired damage from a prior accident and that State Farm previously had handled the Volvo as a total loss.

In denying State Farm's interstate *forum non conveniens* motion, the trial court found it significant that State Farm is headquartered in Illinois. With regard to the fact that State Farm is headquartered in Illinois, however, this court previously has held that the fact that a corporation does business within a county in Illinois does not affect the *forum non conveniens* analysis. See *Vinson v. Allstate*, 144 Ill. 2d 306 (1991). In *Vinson,* this court considered whether the circuit court had abused its discretion in denying defendant Allstate's motion to dismiss under the doctrine of *forum non conveniens. Vinson,* 144 Ill. 2d at 308. At issue in *Vinson* was a homeowner's insurance policy issued by Allstate insuring the plaintiffs' home in Missouri. *Vinson,* 144 Ill. 2d at 309. The circuit court denied the motion to dismiss, noting, *inter alia,* that Allstate was a corporate resident of the State of Illinois and did business within the county where the action had been filed. *Vinson,* 144 Ill. 2d at 309. This court reversed, stating:

> "[W]e find that Allstate is an Illinois corporation that does business within Alexander County. Because it is assumed on a *forum non conveniens* motion that the court has jurisdiction over the defendant, the fact that Allstate conducts business within the county is not the only factor the court should consider in its analysis. 'A *forum non conveniens* motion \*\*\* causes a court to look *beyond the criterion of venue* when it considers the relative convenience of a forum.' (Emphasis added.) (*Bland,* 116 Ill. 2d at 226.) '[M]erely conducting business in [Alexander] County does not affect the *forum non conveniens* issue \*\*\*.' *Boner,* 142 Ill. 2d at 540." *Vinson,* 144 Ill. 2d at 311.

Similarly, in *Jones v. Searle Laboratories*, 93 Ill. 2d 366 (1982), this court reversed the appellate court's finding that there was a relevant connection between the litigation and the selected forum in Illinois. The defen-

dant had filed a motion to dismiss on the ground that Illinois was a *forum non conveniens* and that the United Kingdom was the proper forum for the action. *Jones*, 93 Ill. 2d at 371. This court observed that in finding a relevant connection between Illinois and the action, "the appellate court primarily relied on the fact that defendant is a resident in Illinois having its principal place of business here, and that 'the alleged commission of the tort' [failing to provide adequate warnings concerning the side effects of contraceptives] occurred in this State." *Jones*, 93 Ill. 2d at 376. This court stated that merely because Illinois has a relationship to the parties or the litigation does not necessarily mean that Illinois is the appropriate forum in every case. *Jones*, 93 Ill. 2d at 377. Rather, the place of defendant's residence may properly be considered along with other connections which exist between the litigation and the chosen forum. *Jones*, 93 Ill. 2d at 377.

This court recently reaffirmed that the fact that a defendant conducts business in the plaintiff's chosen forum is not dispositive of the *forum non conveniens* issue. *Dawdy*, 207 Ill. 2d at 182. The fact that State Farm's principal place of business is in Illinois, then, is just one factor to be considered in determining whether Illinois or Louisiana is the more appropriate forum. We also accord less deference to Gridley's choice of forum because he is foreign to Madison County and the action giving rise to the litigation occurred in Louisiana, not Madison County.

A review of the private interest factors establishes that those factors weigh in favor of Louisiana over Illinois. As noted, the private interest factors include the convenience of the parties, the relative ease of access to sources of testimonial, documentary and real evidence, and all other practical problems that make trial of a case easy, expeditious and inexpensive, such as the availability of compulsory process to secure the attendance of unwilling witnesses. *Guerine*, 198 Ill. 2d at 516. Here, the sole

named plaintiff is a resident of Louisiana. Gridley's claim concerns events that took place exclusively in Louisiana. The allegations against State Farm concern a violation of a Louisiana statute which provides that a salvage title is required if damages to a vehicle exceed 75% of its value. See La. Rev. Stat. Ann. § 32:702(11) (West 2000). Most of the witnesses relating to Gridley's claim are located in Louisiana. These witnesses include the prior owner of the Volvo, employees of Duplessis Cadillac/Volvo, employees of Medines Collision Center, employees of the auto auction dealer where Gridley bought the Volvo, employees of the auto insurance agencies that insured the Volvo for both Fage and Gridley, and employees of State Farm involved in handling both claims for the Volvo. Illinois courts do not have subpoena power in Louisiana, so other than its employees in Louisiana, State Farm would not be able to compel the attendance of the Louisiana witnesses in Illinois. In contrast, the named witnesses residing in Illinois appear to be employees of State Farm, so it is unlikely that Gridley would have the same difficulty securing the attendance of those witnesses in Louisiana.

In addition, as noted, discovery for purposes of the *forum non conveniens* motion revealed that State Farm handles compliance with salvage laws on a state-by-state basis, rather than from State Farm's headquarters in Bloomington, Illinois, given the variations in each state's salvage laws. Accordingly, for purposes of Gridley's complaint, any documentary and physical evidence relating to Gridley's claim that State Farm failed to comply with Louisiana statute (La. Rev. Stat. Ann. § 32:702 (West 2000)) and that State Farm was unjustly enriched when it sold salvage vehicles with clean titles likely will be located in Louisiana.

Likewise, the public interest factors—the interest in deciding controversies locally; the unfairness of imposing trial expenses and the burden of jury duty on residents

of a forum that have little connection to the litigation; and the administrative difficulties presented by adding litigation to already congested court dockets—favor Louisiana. Louisiana law would govern Gridley's claim. Louisiana has an interest in applying its law in its own courts. "The need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens.*" *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983). Louisiana has an interest in deciding this matter locally. In contrast, Illinois courts have an interest in not being burdened with applying foreign law in the absence of strong policy reasons and a strong connection to the case. Here, as noted, Gridley cannot proceed with his Illinois Consumer Fraud Act claim. Gridley's remaining claim, that State Farm was unjustly enriched by selling vehicles with clean titles that should have had a salvage title, involves events that occurred in Louisiana and have no connection with Illinois. In the absence of a valid Illinois Consumer Fraud Act claim, we see no strong policy reason or other strong Illinois connection to this case that would weigh in favor of Illinois.

In addition, the residents of Illinois should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, Illinois. Conversely, considering Louisiana's interest in this case, it would not be unfair to burden the residents of Louisiana with jury duty.

With regard to court congestion, the parties have not provided this court with a comparison of the congestion of the docket in Louisiana and the docket in Madison County. Therefore, we do not take that factor into account in our analysis.

Based upon the foregoing, it is clear that the weight of the private interest factors and of the public interest

factors greatly favor Louisiana over Illinois. Accordingly, we find that the balance of factors strongly favors dismissal of this case in favor of a Louisiana forum and that the circuit court abused its discretion in denying State Farm's motion to dismiss based upon *forum non conveniens*. We therefore remand this cause to the circuit court with directions to enter an order granting State Farm's motion to dismiss. We further note that in light of our finding that the circuit court abused its discretion in denying State Farm's motion to dismiss, we need not address State Farm's alternative claim that the trial court abused its discretion in denying State Farm's motion to transfer this cause to McLean County.

For the foregoing reasons, the judgments of the circuit court of Madison County and the appellate court are reversed, and the cause is remanded to the circuit court of Madison County with directions to dismiss the cause of action.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*cause remanded with directions.*

JUSTICE KARMEIER took no part in the consideration or decision of this case.