ZACHERY BERBIG, Plaintiff-Appellee, v. SEARS ROEBUCK AND COMPANY, INC., *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—07—0072

Opinion filed December 26, 2007.

186

Arthur L. Klein, Mark E. Enright, and Jason B. Hirsh, all of Arnstein & Lehr LLP, of Chicago, for appellants.

Paul J. Fina, of Fina & Huner, of Chicago, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

This matter comes before us on the petition of defendants Sears Roebuck & Co. and Electrolux Home Products for leave to appeal, pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)), the trial court's order that denied their motion to dismiss based upon interstate *forum non conveniens*. We granted the petition on February 5, 2007.

Plaintiff, Zachery Berbig, filed this product liability cause of action in the circuit court of Cook County for injuries he allegedly sustained on July 13, 2004, while using a Craftsman GT 5000 Riding Lawn-mower, which he purchased at a Sears retail store in Coons Rapids, Hennepin County, Minnesota. He was injured when his right foot got caught in the mower's blade at his home in Osseo, Hennepin County, Minnesota. His injuries allegedly included deep lacerations and fractures to his right foot. Plaintiff attested that following the accident he was treated at Mercy Hospital in Coons Rapids and Park

Clinic in St. Louis Park, Minnesota. He further attested that he was treated for his injuries by Dr. Jeffrey Nipper in Coons Rapids and Dr. Robyn Vargo in Hinsdale, Illinois. Plaintiff provided defendants with the name and address of a man who lives in Osseo as being on the scene either before or after the accident. Similarly, the two individuals plaintiff identified as having knowledge of the facts of the occurrence or the injuries and damages allegedly resulting therefrom also live in Osseo.

Defendant Electrolux Home Products, Inc., manufactured the subject riding lawn mower in Orangeburg, South Carolina, and its primary place of business in connection with the lawn mower is also in South Carolina. Sears has its principal place of business in Hoffman Estates, Cook County, Illinois. Sears did not test the subject lawn mower in Illinois, but there is an employee who works in Hoffman Estates who is able to answer technical questions about the product. The following are also located in Hoffman Estates: Sears' laboratory and marketing department; the buyers for all lawn mowers sold by the company; and Sears' corporate records.

Defendants filed a motion under Supreme Court Rule 187 (134 Ill. 2d R. 187) to dismiss plaintiff's complaint based upon interstate *forum non conveniens*. They claimed that all of the relevant factors favored dismissal of the lawsuit because plaintiff lives in Hennepin County, Minnesota, the accident occurred there, and all immediate medical treatment was performed and documented by physicians who live in Minnesota. Defendants also relied upon the fact that the lawn mower was purchased in Hennepin County, no one with knowledge of the accident lives in Cook County, and the court docket in Cook County is more congested than the docket in Hennepin County.

The trial court denied defendants' motion after concluding that defendants had not made a strong factual showing that trying the case in Cook County, as opposed to Minnesota, would be more costly or inconvenient or pose a hardship.

The sole issue for our consideration is whether the trial court abused its discretion in denying defendants' motion to dismiss based upon interstate *forum non conveniens*. Defendants argue that this matter should be brought in Minnesota rather than Illinois and that the trial court accorded undue weight to the location of Sears' corporate headquarters in Hoffman Estates, especially when none of the personnel or documents relevant to this case are located there.

"*Forum non conveniens* is applicable on an intrastate as well as on an interstate basis." *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176 (2003). As such, "the doctrine may be applied where the choice is between forums in the same state as well as when the choice is

between forums in different states." *Dawdy*, 207 Ill. 2d at 176. "The same considerations of convenience and fairness apply in deciding the question of the forum for trial." *Dawdy*, 207 Ill. 2d at 176. "The doctrine of *forum non conveniens* presupposes the existence of more than one forum having jurisdiction and venue." *Chung v. Advocate Health Care*, 336 Ill. App. 3d 789, 792 (2002). According to this equitable doctrine, a court that has jurisdiction over the parties and the subject matter involved may nevertheless decline jurisdiction of a case when it is apparent that trial in another forum with jurisdiction over the parties would be more convenient and better serve the ends of justice. *Vinson v. Allstate*, 144 Ill. 2d 306, 311 (1991). A trial court has considerable discretion in ruling on a *forum non conveniens* motion, and the court's decision to grant or deny that motion will not be reversed absent an abuse of discretion. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). A trial court abuses its discretion when no reasonable person would take the view adopted by the trial court. *Dawdy*, 207 Ill. 2d at 177.

■ To determine whether the doctrine applies, the circuit court must balance the private interest factors affecting the convenience of the parties and the public interest factors impacting the court's administration of its docket. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947). The doctrine of *forum non conveniens* is a flexible one which requires evaluation of the total circumstances rather than concentration on any single factor. *Lambert v. Goodyear Tire & Rubber Co.*, 332 Ill. App. 3d 373, 378 (2002); *Peile*, 163 Ill. 2d at 336-37. A trial court may decline jurisdiction if the court determines that another forum would better serve the convenience of the parties and the ends of justice. *Dawdy*, 207 Ill. 2d at 172. When potential witnesses are scattered among several counties, including the chosen forum, and no single county enjoys a predominant connection to the litigation, the plaintiff should not be deprived of his chosen forum. *Dawdy*, 207 Ill. 2d at 184.

"In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate)." *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002).

"The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county

with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested [forums]." *First American Bank*, 198 Ill. 2d at 516-17. However, court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly. *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503 (1986).

A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly against the selection, the plaintiff's choice of forum should rarely be disturbed. *Peile*, 163 Ill. 2d at 337. However, when the plaintiff does not reside in the forum where he or she filed suit, or the injury did not occur in the forum where he or she filed suit, the plaintiff's choice is given less deference. *Dykstra v. A.P. Green Industries, Inc.*, 326 Ill. App. 3d 489, 493 (2001). As our supreme court explained in *Dawdy*, " '[W]hen the plaintiff is foreign to the forum chosen and the action that gives rise to the litigation did not occur in the chosen forum, this assumption [of convenience] is no longer reasonable. Instead, it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purpose behind the venue rules.' " *Dawdy*, 207 Ill. 2d at 174, quoting *Certain Underwriters at Lloyds, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196 (2002).

In *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158 (2005), the plaintiff filed a class action lawsuit against State Farm in the circuit court of Madison County alleging that State Farm was unjustly enriched by selling vehicles with clean titles that should have had salvage titles. *Gridley*, 217 Ill. 2d at 162. The plaintiff was a resident of Louisiana and the allegations contained in the complaint involved events that occurred in Louisiana. *Gridley*, 217 Ill. 2d at 162. In denying State Farm's interstate *forum non conveniens* motion, the circuit court found it significant that State Farm is headquartered in Illinois. *Gridley*, 217 Ill. 2d at 172. The supreme court ultimately reversed after stressing the fact that while State Farm's principal place of business is in Illinois, that was just one factor to be considered in deciding whether Illinois or Louisiana was the more appropriate forum. *Gridley*, 217 2d at 173. The supreme court found that the private interest factors weighed in favor of a Louisiana forum because the claim concerned events that exclusively occurred there, documentary and physical evidence would be there, as well as the witnesses. *Gridley*, 217 Ill. 2d at 173-74. The public interest factors also weighed in favor of Louisiana because that state had an interest in deciding controversies locally and applying its own laws, and Illinois residents should not be burdened with jury duty to decide a controversy that had no relation to the state. *Gridley*, 217 Ill. 2d at 175.

■ Turning to the case at bar, we initially note that we are unpersuaded by plaintiff's reliance on *Berry v. Electrolux Home Products, Inc.*, 352 Ill. App. 3d 731, 733 (2004), which was decided prior to *Gridley*. In contrast to this case, the trial judge in *Berry* specifically found that the testimony of many experts and representatives of manufacturers who resided in neither Illinois nor Michigan, where the accident occurred and which the defendant argued was a more proper forum, would be required. We find this case similar to *Gridley* and believe the trial court relied too heavily on the fact that Sears has its principal place of business in Hoffman Estates. The private and public interest factors weigh heavily in favor of a Minnesota forum. The accident giving rise to this litigation occurred in Minnesota, plaintiff resides in Minnesota, and he purchased the lawn mower from a Sears store that is located in Minnesota. Plaintiff also received medical treatment for his injuries in Minnesota, and the only named witnesses who were present at the scene before or after the incident live in Minnesota. The lawn mower was not designed, tested, or manufactured in Illinois, and there is no indication of any significant evidence or witness that is in Illinois. A trial in Illinois would also preclude the jury from viewing the accident site. See, *e.g.*, *Dawdy*, 207 Ill. 2d at 178-79 (the possibility of a jury viewing the accident site is an important consideration in ruling upon a *forum non conveniens* motion and does not concern the necessity of viewing the site). Although a minor factor, we also note that documents contained in the record indicate that court congestion is less in Hennepin County than Cook County.

We also find this case distinguishable from *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 450 (2006), where the issue was in which of two "adjoining counties" the litigation should proceed, whereas in this case, the travel distances for the parties, their attorneys, and witnesses are considerably farther. After considering all of the relevant evidence, we find that Minnesota has a significant interest in deciding this case and applying its own laws, and Illinois residents should not be burdened by serving on a jury for a matter that did not occur in their jurisdiction. For the foregoing reasons, we find the trial court abused its discretion in denying defendants' motion to dismiss based upon *forum non conveniens*.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions for the circuit court to grant defendants' motion to dismiss the action in accordance with Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)).

Reversed and remanded with directions.

WOLFSON and HALL, JJ., concur.