NOTICE
Decision filed 12/23/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241301-U

NO. 5-24-1301

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFF JEZIERSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-LA-1072 |
| | ) | |
| THE SAFE & FAIR FOOD COMPANY, LLC, | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justice McHaney concurred in the judgment.
Justice Sholar specially concurred.

**ORDER**

¶ 1 *Held*: The circuit court abused its discretion when it considered a counterclaim filed by the defendant as part of the analysis on the amount of deference that should be given to plaintiff's choice of forum, as counterclaims are not a factor to be considered in that part of the analysis.

¶ 2 The defendant, The Safe & Fair Food Company, LLC (Safe & Fair), appeals the November 12, 2024, order of the circuit court of St. Clair County, which denied its motion to transfer the complaint of the plaintiff, Jeff Jezierski, to Cook County pursuant to the doctrine of *forum non conveniens*. For the following reasons, we remand to the circuit court for further proceedings.

1

¶ 3                          I. BACKGROUND

¶ 4    In 2018, Mr. Jezierski (a resident of Missouri) accepted the role of vice president of sales for the Safe & Fair Food Company (a foreign limited liability company organized and existing under the laws of Delaware that maintains a principal office in Cook County, Illinois). The terms of the arrangement were memorialized in the employment agreement signed by Mr. Jezierski and Safe & Fair's president, Will Holsworth, in their respective locations of St. Louis County, Missouri, and Chicago, Illinois. The agreement stated that Mr. Jezierski would be based out of Safe & Fair's St. Louis, Missouri, office, and would receive a base salary, an annual bonus of 2% of net sales revenue he generated, and stock options that would vest according to a set schedule. His employment with Safe & Fair was eventually terminated on August 8, 2022.

¶ 5    On December 16, 2022, Mr. Jezierski filed a complaint in the circuit court of St. Clair County, Illinois, against Safe & Fair containing four counts: (1) violation of the Illinois Sales Representative Act, (2) breach of contract, (3) unjust enrichment, and (4) motion for accounting. The complaint alleged that Safe & Fair had failed to comply with the provisions in the employment agreement, as it had failed to provide Mr. Jezierski the sales commissions (in the form of an annual bonus) and stock options that he was entitled to under his employment contract with Safe & Fair. He also asked the court to order an accounting to ensure he was properly compensated.

¶ 6    In response to Mr. Jezierski's complaint, on February 24, 2023, Safe & Fair filed with the St. Clair County court (1) a motion to dismiss counts I and IV of Mr. Jezierski's complaint; (2) an answer to Mr. Jezierski's complaint containing both Safe & Fair's affirmative defenses as well as a two count counterclaim against Mr. Jezierski for breach of contract and unjust enrichment alleging that he failed to perform his job duties resulting in harm to Safe & Fair; and (3) a motion to transfer venue to Cook County under a doctrine of *forum non conveniens*. The court then

2

ordered the parties to conduct limited discovery related to the motion to transfer, and on June 26, 2024, Safe & Fair filed an amended motion to transfer venue.

¶ 7    In its amended motion to transfer venue, Safe & Fair alleged that Mr. Jezierski was entitled to "little deference" in his choice of forum, because the case had no connection to St. Clair County as Mr. Jezierski did not live in St. Clair County, no injury occurred in St. Clair County, the employment agreement was not formed in St. Clair County, and Mr. Jezierski's market visits to St. Clair County on which he relied to connect his claim to St. Clair County were unconfirmed and did not impact the bonuses he claims were not paid out. Safe & Fair also argued that in addition to the limited deference, the public and private interest factors weighed in favor of transfer because: (1) it was more convenient for the parties as Safe & Fair's witnesses (who were also Safe & Fair employees) were located in Chicago; (2) while relative ease of access to documents was neutral due to the electronic nature of the files, access to live witness testimony was greater in Cook County as no witness resided in St. Clair County; (3) compulsory process of any unwilling witnesses would be easier in Cook County; (4) if the premises needed to be viewed, that would be done in Cook County; (5) other practical considerations of private factors like paying attorney travel time weighed in favor of Cook County; (6) Cook County had the greatest public interest as the principal place of business for Safe & Fair was Cook County; and (7) it would be unfair to impose the burden of a jury trial on the citizens of St. Clair County as they do not have an interest, while the residents of Cook County do.

¶ 8    In his response to Safe & Fair's amended motion to transfer, Mr. Jezierski began by arguing that although he was not entitled to substantial deference, he was nonetheless still entitled to deference in his choice of forum. He also argued that Safe & Fair, in filing its counterclaim in St. Clair County, availed itself of a St. Clair forum as a counterplaintiff and the court should give

3

deference to that decision as well. With regard to the public and private interest factors, Mr. Jezierski argued: (1) that there are only two parties, himself and Safe & Fair (as Safe & Fair listed witnesses in its section on convenience to the parties), and there was no location that was more convenient for both actual parties; (2) that the ease of access to evidence was neutral as the documentary evidence was digital and there was only one relevant witness in Chicago (arguing the rest of Safe & Fair's witnesses should not be considered as they lacked relevant knowledge of his claim) and the rest of the witnesses were geographically dispersed; (3) compulsory process would be the same for both forums as they are both Illinois circuit courts; (4) St. Clair County with its location being close to Saint Louis, Missouri, was no more inconvenient for the traveling witnesses than Chicago would be; (5) there are no premises to view in this case; (6) there are no obvious administrative difficulties that would inhibit the St. Clair circuit court from hearing the case promptly; and (7) the public interest is not localized due to the nature of the case, but to the extent it exists, St. Clair has as much of an interest as Chicago does as Safe & Fair does business in both forums therefore it would not be improper to burden St. Clair citizens with a jury trial on this case. Safe & Fair then filed a reply brief reiterating its belief that Mr. Jezierski was entitled to little deference on his choice of forum, and that the factors weighed in favor of transfer.

¶ 9     The circuit court of St. Clair County then heard the arguments of the parties relating to the amended motion to transfer venue to Cook County. On November 12, 2024, the circuit court entered a detailed written order denying Safe & Fair's motions to transfer. The circuit court began its analysis with a discussion of the deference that should be given to Mr. Jezierski's choice of venue. The court found that Mr. Jezierski was entitled to some deference as he was not a resident of, or injured in, St. Clair County, but it was nonetheless where he chose to file. It further noted

4

that it found that Safe & Fair availed itself of St. Clair County courts when it became a counterplaintiff by filing a permissive counterclaim in St. Clair County.

¶ 10   The circuit court next evaluated the private interest factors, finding that they did not strongly weigh in favor of transfer to Cook County, as: (1) Safe & Fair's preferred forum of Cook County was only more convenient to one, but not both, parties; (2) the ease of access to documentary evidence was neutral due to the digital nature of the files; (3) the ease of access to testimonial evidence did not weigh in favor of transfer because the witnesses did not predominate any one forum (the court found that there were only three relevant witnesses, each geographically dispersed, Mr. Jezierski (St. Louis), Will Holsworth (Chicago), and Walt Siwicki (North Carolina) as the remaining witnesses were related to Safe & Fair's counterclaim); (4) compulsory process was the same for both forums as both forums were located within Illinois, and was therefore neutral; and (5) there were no "premises" to view due to the nature of the claim, so that factor was inapplicable.

¶ 11   Finally, the circuit court evaluated the public interest factors, finding that they also did not weigh strongly in favor of transferring the case to Cook County, as: (1) after taking judicial notice of its own dockets and the Illinois Courts Statistical Summary, the court found it could accommodate the parties' case expeditiously; (2) in a breach of contract case like this, there is no real connection to any given location, and as such the factor provided no basis for removal; and (3) the citizens of St. Clair have an interest in deciding the controversy such that it was not inequitable to burden them with jury duty, as they have an interest in ensuring that a company selling products in St. Clair County honors its own employment agreements.

¶ 12   On December 11, 2024, Safe & Fair timely filed a petition for leave to appeal from the circuit court's order denying its motion to transfer, pursuant to Illinois Supreme Court Rule

5

306(a)(2) (eff. Oct. 1, 2020). On January 7, 2025, this court granted the petition, and this appeal followed.

¶ 13                                                    II. ANALYSIS

¶ 14     This court has repeatedly set forth that the relevant standards for our review of an order regarding a motion to transfer a cause based on the doctrine of *forum non conveniens* are, as follows: "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 15     "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* "Each *forum non conveniens* case must be considered as unique on its facts." *Id.* at 443. "Every request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

¶ 16     In determining whether to grant or deny a motion to dismiss based on the doctrine of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. "An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum." *Id.* at 173.

6

¶ 17 On appeal, Safe & Fair raises three main claims of error. First, Safe & Fair argues that Mr. Jezierski's choice of St. Clair County as the forum for his lawsuit is due diminished deference, but that in its decision the circuit court applied substantial deference. Second, Safe & Fair argues that the circuit court failed to evaluate the public and private interest factors properly. Third, Safe & Fair argues that the circuit court abused its discretion in finding that its counterclaim was evidence that Safe & Fair had availed itself of a St. Clair forum and, as such, that the counterclaim weighed against transfer.

¶ 18 A. The Circuit Court Applied Diminished Deference

¶ 19 In evaluating this case, the first question we must answer is how much deference we must afford to Mr. Jezierski's choice of which forum he wishes to litigate his case in. See *In re Marriage of Mather*, 408 Ill. App. 3d 853, 858 (2011). It is generally assumed that the plaintiff's choice of forum is convenient to the plaintiff, and unless the balance of the relevant factors strongly favor a dismissal, the plaintiff's choice should rarely be disturbed. *Dawdy*, 207 Ill. 2d at 173. "However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 18. It is important to recognize, however, that while "the deference to be accorded to a plaintiff regarding his choice of forum is less *** the deference to be accorded is only *less*, as opposed to *none*." (Emphases in original and internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 448. Thus, even when plaintiff is entitled to less than substantial deference, "the battle over forum begins with plaintiff's choice already in the lead." *First American Bank v. Guerine*, 198 Ill. 2d 511, 522 (2002).

¶ 20 While they use different terms for it, Mr. Jezierski and Safe & Fair appear to agree that Mr. Jezierski's choice of forum is entitled only to some deference, not substantial deference, and the

court appears in its order to have found that Mr. Jezierski was entitled to such as well. It appears to this court that Safe & Fair is making an "as applied" argument that, while the court found the proper standard of some or diminished deference, it still applied substantial deference. Therefore, we will evaluate the court's application of deference to Mr. Jezierski's choice of forum and the interest factors together.

¶ 21 Having determined that some deference to Mr. Jezierski's choice of forum is due, we must now consider whether the circuit court properly applied the diminished deference when it found that the balance of private and public interest factors weighed in favor of keeping the case in St. Clair County.

¶ 22 In Illinois, the private interest factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at 516. The public interest factors include: "(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Id.* at 516-17.

¶ 23 The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer. *Dawdy*, 207 Ill. 2d at 172. The circuit court must evaluate the totality of the circumstances when determining whether that burden has been met. *Fennell*, 2012 IL 113812, ¶ 17. The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 24 Concerning the convenience of the parties, wherever a plaintiff files his suit is presumed to be a convenient forum for him, as a defendant may not argue that a plaintiff's chosen forum is

inconvenient to the plaintiff. *Id.* at 444. Therefore, we can presume that St. Clair County is a convenient forum for Mr. Jezierski. However, Safe & Fair argues that the St. Clair County forum chosen by Mr. Jezierski is inconvenient for it, and that its home forum of Cook County would be more convenient. To prevail on this factor, a defendant needs "to show not only that [plaintiff's] chosen forum was inconvenient for [defendant] but also that their preferred forum *** [is] 'more convenient to *all parties.*' " (Emphasis in original.) *Starr v. Presence Central & Suburban Hospitals Network*, 2024 IL App (1st) 231120, ¶ 30 (quoting *Langenhorst*, 219 Ill. 2d at 444). Here, Mr. Jezierski counters arguing that in the same way St. Clair County is an inconvenient forum to Safe & Fair, Safe & Fair's preferred Cook County forum would be inconvenient to him. The circuit court considered all of this in its order and found that because there is no forum mutually convenient to all parties, this factor does not weigh in favor of one forum over the other. We cannot say the circuit court abused its discretion in reaching that conclusion.

¶ 25 Regarding access to evidence, it appears that neither party disputes the circuit court's finding that the ease of access to documentary evidence is neutral where there was general agreement that the relevant records are electronically stored and can be accessed from anywhere. However, Safe & Fair disputes the circuit court's finding that the ease of access to testimonial evidence weighed against transfer. In support of its claim of error, Safe & Fair argues that the circuit court did not consider all of its witnesses in determining that no forum predominated the witness list. However, in its order, the trial court considered the five witnesses listed by Safe & Fair and found that only one, CEO Will Holsworth, was likely to have personal knowledge probative of the substantive issues raised by Mr. Jezierski's claim. Likewise, it found one of plaintiff's witnesses lived out of state, and that plaintiff, likely to be a witness himself, lived significantly closer to St. Clair than Chicago. We cannot say that the circuit court abused its

9

discretion in weighing the value of the testimony a witness is likely to give. See *Starr*, 2024 IL App (1st) 231120, ¶ 38 (of 57 proposed witnesses, only 21 were relevant when determining the location of the witnesses for *forum non conveniens* purposes). Nor can we say that the circuit court abused its discretion where it found that of the three relevant witnesses, one witness was in Cook County, another was significantly closer to St. Clair County, and the third was in North Carolina. Therefore the locations of the witnesses did not favor transfer as they were geographically dispersed. *Prouty v. Advocate Health & Hospitals Corp.*, 348 Ill. App. 3d 490, 496 (2004).

¶ 26 Regarding other factors relating to an easy, expeditious, and inexpensive trial, the parties agree that the trial court did not err in finding that the ability to secure compulsory process of unwilling witnesses was the same for both counties. However, defendant argues that the circuit court erred here by once again not considering the distance its witnesses would have to travel. We find that this argument is addressed above, and therefore we will not readdress it here. We therefore find that the circuit court did not abuse its discretion in finding that this factor was neutral.

¶ 27 Turning to the public interest factors—which include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and local interest in local controversies—we cannot say the circuit court abused its discretion in finding that such factors do not strongly favor Cook County. First, the circuit court of St. Clair County is in the best position to gauge its own level of congestion. *Buettner v. Parke-Davis & Co.*, 217 Ill. App. 3d 316, 323-24 (1991). The circuit court found that congestion is not an issue, we will not second-guess it, and therefore we find there was no abuse of discretion in finding this factor weighs in favor of keeping the case in the chosen forum.

¶ 28 Next, as to the local interest in local controversies, defendant argues that the circuit court erred when it found that the controversy was not localized anywhere and argues instead that the

proper situs is where the employment contract was formed, the work was performed, or where the business has a substantial connection. However, defendant presents no caselaw or other authority supporting its argument. Therefore, we find that the circuit court did not abuse its discretion in finding that this factor is inapplicable or would provide no basis for transfer.

¶ 29      Finally, as to the burden of jury duty and the expense of a trial, the circuit court found that because Safe & Fair marketed, distributed, and sold its products in St. Clair County, and Mr. Jezierski fulfilled aspects of his job in St. Clair County, the citizens of St. Clair County had an interest in ensuring that a company which sells products in their community honors its employment agreements. Safe & Fair argues this finding was in error because it alleges that Mr. Jezierski did not perform any work in St. Clair County, and that in reaching this finding, the circuit court did not consider all the evidence presented. However, we find no evidence in the record that the circuit court did not consider all the facts before it in determining whether Mr. Jezierski had performed work for Safe & Fair in St. Clair County. Where the record is silent, we must presume the "circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Because the record here is silent, we cannot find an abuse of discretion on this factor.

¶ 30      Therefore, taking all the proper public and private interest factors as a whole, and applying a standard of diminished deference, we cannot conclude that the circuit court's balancing of the public and private interest factors was so unreasonable that no court would take the same position. Whether this court would reach the same conclusion as the circuit court is not the issue, because we must give the circuit court the appropriate amount of deference. See *Evans v. Patel*, 2020 IL App (1st) 200528, ¶ 29 (the abuse of discretion standard of review is most deferential). Accordingly, we cannot say that the circuit court's decision to deny the appellant's motion to

11

transfer the cause to Cook County based on the actual factors for consideration in a *forum non conveniens* analysis was an abuse of its discretion.

¶ 31                                    B. Consideration of Safe & Fair's Counterclaim

¶ 32    Having determined that the circuit court properly applied diminished deference, we turn now to Safe & Fair's third claim of error, that the circuit court abused its discretion by considering Safe & Fair's counterclaim as a factor in determining the amount of deference to give to Mr. Jezierski's choice of forum. Specifically, the circuit court found in its analysis that Safe & Fair availed itself of St. Clair County courts when it filed its permissive counterclaim against Mr. Jezierski in St. Clair County. Safe & Fair argues this was in error and constitutes an abuse of discretion because: (1) counterclaims are not one of the factors that may be considered in *forum non conveniens* analysis; (2) weighing counterclaims in intrastate proceedings would result in inefficient and disorderly administration of justice; and (3) in some cases, such as where defendant's counterclaim involves the same operative facts, *res judicata* may bar subsequent actions or claims even if the claim itself is not mandatory.

¶ 33    In considering Safe & Fair's argument, we note that the Illinois Supreme Court has held that "[i]n reviewing discretionary rulings by the [circuit] court, an appeals court must look to the criteria on which the [circuit] court should rely to determine if the [circuit] court abused its discretion." (Internal quotation marks omitted.) *Paul v. Gerald Adelman & Associates, LTD.*, 223 Ill. 2d 85, 99 (2006) (quoting *People v. Ortega*, 209 Ill. 2d 354, 360 (2004)). Therefore a circuit court " 'abuses its discretion if it fails to apply the proper criteria when it weighs the facts,' and a reviewing court 'must consider both the legal adequacy of [the] way the [circuit] court reached its result as well as whether the result is within the bounds of reason.' " *Id.* (quoting *Ortega*, 209 Ill. 2d at 360).

12

¶ 34    Here, the circuit court considered Safe & Fair's counterclaim in its analysis of the amount of deference that should be given to plaintiff's choice of forum. Illinois courts have routinely only considered two factors in this part of the analysis: (1) the forum in which the plaintiff resides and (2) the location of the injury or accident. See *Fennell*, 2010 IL 113812, ¶ 18; *Langenhorst*, 219 Ill. 2d at 442-43; *Guerine*, 198 Ill. 2d at 517. Mr. Jezierski cites *W.R. Grace & Co. v. Beker Industries, Inc.*, 128 Ill. App. 3d 215 (1984), to support his contention that the court did not error in considering the counterclaim; however, we find that this case is not applicable here because (1) the counterclaim in *Beker* was not considered in the context of determining the amount of deference given to plaintiff's choice of forum; and (2) the counterclaim the court does consider in *Beker* was not in the active case before the court, but instead was part of a previous case between the same two parties that was settled by consent decree which had become the subject of the lawsuit between the parties that was before the court, which is not the case here.

¶ 35    Therefore, because the circuit court considered a factor in determining the level of deference to be given to plaintiff's choice of forum beyond the criteria upon which it should have relied—specifically when it found the counterclaim weighed against transfer, thus affecting the deference section of the circuit court's *forum non conveniens* analysis—we find the circuit court abused its discretion in finding that Safe & Fair's counterclaim weighed against transfer.

¶ 36                                III. CONCLUSION

¶ 37    For the foregoing reasons, we reverse and remand the November 12, 2024, order of the circuit court of St. Clair County, which denied the defendant's motion to transfer this cause to Cook County pursuant to the doctrine of *forum non conveniens*, for rehearing using only the appropriate *forum non conveniens* factors.

¶ 38    Reversed and remanded with directions.


¶ 39    JUSTICE SHOLAR, specially concurring:

¶ 40    While I agree with the majority's conclusion that the circuit court erred by considering Safe & Fair's counterclaim in its decision to deny Safe & Fair's motion to transfer, I respectfully disagree with the remainder of the majority's analysis. I find that it is premature to analyze the *forum non conveniens* factors. As such, I would remand for a new hearing on defendant's motion to transfer venue without consideration of Safe & Fair's counterclaim.